## TERRELL ELECTRIC LIGHT CO. v. NEW MOLINE PLOW CO.   (No. 114.)

(Court of Civil Appeals of Texas. Waco. Nov. 20, 1924.)

1. Landlord and tenant ⚫262(2)—Landlord foreclosing lien could join all parties claiming interests or liens.

Landlord could join, in its suit to foreclose lien, all parties who claimed any interest in or liens on the property.

2. Landlord and tenant ⚫262(1)—Landlord's action to foreclose lien was properly brought in county in which property was located.

Landlord's action to foreclose lien, in which tenant's mortgagee was alleged to have converted property by causing writ of sequestration to be levied, was properly brought in the county in which the property was located, under Rev. St. art. 1830, subds. 4, 9, 28.

Appeal from Kaufman County Court; W. P. Williams, Judge.

Suit by the Terrell Electric Light Company against the New Moline Plow Company and another. From a judgment sustaining the plea of privilege of the named defendant, and transferring the cause to another county, plaintiff appeals. Reversed and remanded, with instructions to overrule plea of privilege.

Bumpass & Wade, of Terrell, for appellant.
Spence, Haven, Smithdeal & Spence, of Dallas, for appellee.

BARCUS, J. Appellant owned a building in Kaufman county, which it rented and leased to the Farm Equipment Company, a corporation, which failed to pay the rent, and this suit was filed against the tenant and the New Moline Plow Company for the rents due and to foreclose the landlord's lien on the property belonging to the Farm Equipment Company located in said building. Appellant alleged that the New Moline Plow Company had, in Kaufman county, converted the property in the building which was occupied by the Farm Equipment Company to its own use and benefit, and by reason thereof appel-

lant was entitled to judgment against both the tenant and the plow company for its debt. The Farm Equipment Company had its domicile and principal place of business in Kaufman county and the New Moline Plow Company had its principal place of business and domicile in Dallas county. The New Moline Plow Company filed its plea of privilege in statutory form, claiming its right to be sued, if at all, in Dallas county. Appellant filed its controverting affidavit, claiming the county court of Kaufman county had jurisdiction under subdivisions 4, 9, and 28 of article 1830 of the Revised Statutes. The New Moline Plow Company had filed suit in Dallas county against the Farm Equipment Company, to foreclose a chattel mortgage lien on the property in the building occupied by the Farm Equipment Company in Kaufman county, and had caused a writ of sequestration to be issued and levied on the property in said building, which property at the time of the hearing on the plea of privilege was in the care and custody of the constable in Kaufman county. The trial court sustained the plea of privilege of the New Moline Plow Company and transferred the cause as to it to Dallas county, and it is from said judgment this appeal is perfected.

[1] Appellant's suit was against its tenant, Farm Equipment Company, for rents and to foreclose its landlord's lien. It had a right to join in said suit in Kaufman county all parties who claimed any interest in or liens on said property on which it was seeking to foreclose its landlord's lien. Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570; Neblett v. Barron (Tex. Civ. App.) 160 S. W. 1167; Cardwell v. Masterson, 27 Tex. Civ. App. 591, 66 S. W. 1121.

[2] Appellant also alleged that the appellee New Moline Plow Company had converted the property on which it had its landlord's lien to its (appellee's) own use and benefit in Kaufman county. It is unnecessary for us to and we do not determine whether appellee's action in having caused a writ of sequestration to be issued and the property seized and held by the office in Kaufman county under said writ, constitutes conversion of the property as against appellant. Neither do we determine the question as to the priority of liens between appellant and appellee, New Moline Plow Company. If the act of appellee in having the writ of sequestration levied amounts to a conversion, appellant would then have a cause of action in Kaufman county against it for conversion, and if it does not amount to a conversion, appellant has its cause of action against all parties claiming any interest therein to foreclose its landlord's lien on the property. In either event the county court of Kaufman county would have jurisdiction over appellee, New Moline Plow Company, and the trial court committed error in sustaining the plea of privilege.

The cause is reversed and remanded, with instructions to the trial court to overrule appellee's plea of privilege.