**BROOKS SUPPLY CO. v. GALLINGER et al.**
**(No. 250.)**

(Court of Civil Appeals of Texas. Waco. Jan. 7, 1926.)

**1. Pleading 147—In action on note and mortgage and for conversion, cross-action by codefendant for conversion held proper.**

In an action on a note, chattel mortgage, and for conversion of the mortgaged property, cross-action by defendant mortgagor against codefendant for conversion of the mortgaged property was proper as necessary to the adjudication of the main action and to prevent multifariousness.

**2. Chattel mortgages 47—Drilling rig and accessories held sufficiently described.**

Chattel mortgage, describing property as "one Lucey special drilling rig, with 2,200 feet of drill pipe and tool joints, in G.'s possession, and located in L. county, Tex.," was held sufficient.

**3. Chattel mortgages 229(3)—Testimony held proper to show meaning of phrase describing chattel.**

In action for conversion of mortgaged property, described as "Lucey special drilling rig," it was held proper to admit testimony showing name had a technical and defined meaning, where sufficiency to put purchaser on notice was in issue.

**4. Chattel mortgages 229(3)—Conflicting opinion as to what constituted drilling rig held immaterial.**

In action for conversion of mortgaged chattel, described as "Lucey special drilling rig," conflicting opinion as to what constituted such rig was held irrelevant and immaterial.

**5. Chattel mortgages 229(3)—Opinions as to what constituted named drilling rig held inadmissible as adding to property on which mortgage claimed.**

In action for conversion of mortgaged chattel, described as "Lucey special drilling rig," admission of conflicting opinions as to what constituted such rig held error as adding to property mortgaged.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Chattel mortgages ⬅229(3)—Only evidence of value of specific chattel converted is admissible.**

In action for conversion of mortgaged chattel, described as a "Lucey drilling rig," it was error to admit testimony as to value of what experts testified constituted such rig, and only value of actual rig converted was proper.

**7. Judgment ⬅252(3)—Relief demanded by converter must be authorized by pleadings.**

In conversion, where a third party's lien on converted chattel is paid by codefendant of converter, such payment cannot be credited to converter, where pleadings authorize no such relief.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by the First State Bank of Electra against E. L. Gallinger, the Brooks Supply Company, and another wherein, the first-named defendant filed a cross-action against the second-named defendant. From an adverse judgment, the Brooks Supply Company alone appeals. Reversed and remanded.

Nall, King & Jackson, of Beaumont, and C. S. and J. E. Bradley, of Groesbeck, for appellant.

Keys, Mason & Machen, of Mexia, and Edward Yarbrough, of Edinburg, for appellee.

BARCUS, J. The First State Bank of Electra filed this suit against E. L. Gallinger, J. N. Groesbeck, and appellant, Brooks Supply Company, a corporation, seeking judgment on a note for $2,500 with interest and attorney's fees, which Gallinger had executed to it, and alleged that it had a mortgage on "one complete Lucey special drilling rig, with 2,200 feet of drill pipe and tool joints," and that the defendants had converted said property to their use and benefit, and by reason thereof each of them was liable. Gallinger answered, admitting the execution of the note and mortgage, and, by way of cross-action against his codefendants, Groesbeck and Brooks Supply Company, alleged that they had converted the property to their use and benefit, and prayed for judgment over against them for the value thereof, and prayed that, after the bank's debt was satisfied, the remainder of the value of the property be paid to him. Groesbeck filed a general demurrer and general denial. Appellant, Brooks Supply Company, filed a general demurrer, special exceptions, general denial, and special plea that it had purchased from Groesbeck for value, without any notice of said mortgage, and, in event judgment was rendered against it, asked for judgment against Groesbeck. The cause was tried to a jury, and submitted on special issues, and resulted in a judgment being rendered against appellant for $9,000 in favor of Gallinger, and in favor of the bank for $3,564.93, same to be paid out of the amount awarded to Gallinger, and in favor of the Brooks Supply Company against Groesbeck for $9,000. Brooks Supply Company alone has appealed.

[1] Appellant complains of the action of the trial court in overruling its general demurrer and special exceptions to the cross-action filed against it by Gallinger for the conversion of the property. It contends that said cause of action is separate and distinct from that alleged by the bank, and cannot be properly joined in the suit brought by the bank for the conversion of the property. We overrule these assignments. The bank, in order to establish its cause of action against appellant, was required to show that it had converted the mortgaged property to its use and benefit, and to further show that the property belonged to the defendant Gallinger, and that it had a mortgage thereon. If the Brooks Supply Company did convert the mortgaged property to its use, all parties who had any interest in or to same were proper parties to join in a common suit for the value thereof, since their equities could and should be adjudicated in one litigation. The policy of the law is and should be to avoid multifariousness in lawsuits. Terrell Electric Co. v. New Moline Plow Co. (Tex. Civ. App.) 265 S. W. 1104; Harless v. Haile (Tex. Civ. App.) 174 S. W. 1020; U. S. Fidelity & Guaranty Co. v. Fossati, 97 Tex. 497, 80 S. W. 74; Keel & Son v. Gribble-Carter Grain Co. (Tex. Civ. App.) 143 S. W. 235.

[2] Appellant contends that the description of the property in the mortgage held by appellee bank was not sufficient to identify same. We overrule this assignment. The mortgage described the property as one Lucey special drilling rig, with 2,200 feet of drill pipe and tool joints, in E. L. Gallinger's possession, and located in Limestone county, Tex. Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131; F. & M. Bank v. Howell (Tex. Civ. App.) 268 S. W. 776.

[3] Appellant complains of the action of the trial court in permitting certain witnesses to testify that the phrase "Lucey special drilling rig" had a technical meaning, and that in the vernacular of oil men same had a well-defined meaning, sufficient to enable a person to identify same thereby. The description in the mortgage having been by that name, and the question being raised as to whether same was sufficient to put a purchaser on notice, the evidence was admissible for said purpose.

[4, 5] Over appellant's objection, after five or six different witnesses had testified as experts that the phrase "Lucey special drilling rig" was a technical name, they were then permitted to give a list of the various and sundry articles and items which each witness, in his opinion, considered necessary to consti-

tute a "Lucey special drilling rig," and each of said witnesses gave a materially different list of what, in his opinion, would constitute said rig, and appellee Gallinger's testimony as to what constituted same was materially different from the articles he alleged in his petition were converted by appellant. Appellant objected to all of said testimony, because it was irrelevant and immaterial as to what would, in the opinion of different witnesses, constitute a "Lucey special drilling rig," and because it was adding to the property on which appellee bank claimed a mortgage. We sustain all appellant's assignments with reference thereto.

The issues to be determined in this case were: First, what property the appellee bank's mortgage actually covered, which could only be established by showing what constituted the drilling rig appellee Gallinger owned at the time he executed the mortgage, together with the 2,200 feet of drill pipe and tool joints; and, second, what property actually owned by Gallinger was taken by appellant; and, third, the value thereof.

[6] The same witnesses were further permitted to testify over appellant's objection, the value of a Lucey special drilling rig as described by them. This was error. The value of that part of the rig owned by Gallinger and that part thereof on which the bank held the mortgage at the time of the conversion were the questions to be determined, and not the value of what expert witnesses thought constituted a Lucey special drilling rig. Their estimates of value should have been limited to the actual drilling rig received by appellant.

[7] Appellant requested the trial court to instruct the jury to return a verdict for it as against the cross-action of appellee Gallinger, because he was not entitled to, nor was he in possession of, the property at the time of the alleged conversion. The testimony shows that, a few months prior to the time when appellant received the property, a suit had been instituted in Limestone county by C. E. Marshall against appellee Gallinger, and a writ of attachment had been issued, and the sheriff's return in said cause shows that the property in question had been levied on by him, and the judgment rendered therein states the attachment lien had been foreclosed, and the clerk was directed to issue an order of sale of the property. The papers in said cause seem to have been lost. It was the contention of appellees that, as a matter of fact, no order of sale was issued, and no legal sale made thereof under said attachment lien, and the jury so found. If the property was in the hands of the sheriff under and by virtue of said attachment, and same was illegally taken from him by appellant, it would defeat neither Gallinger's nor the bank's right to recover their damages oc-

casioned thereby. A mortgagee may maintain an action against one who wrongfully converts the mortgaged property, or a part thereof, whether at the time he is entitled to the possession of the same or not. Scaling v. First Nat. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715. Where the property has been destroyed or put beyond his reach, the owner thereof is entitled to maintain a suit for damages for its conversion, although he was not entitled to, nor in possession of, the property at the time of its seizure. Cox v. Patten (Tex. Civ. App.) 66 S. W. 64; George Adams & Frederick Co. v. South Omaha Nat. Bank, 123 F. 641, 60 C. C. A. 579.

Appellant further contends that, if it was not entitled to an instructed verdict in its favor against Gallinger, by reason of the fact that Gallinger was not in possession of, nor entitled to, the possession of the property, the trial court should have credited the judgment which was rendered against it in favor of Gallinger with the amount of the Marshall judgment, which was paid by its codefendant Groesbeck at the time said Groesbeck obtained possession of the property. We overrule these assignments. There were no pleadings on the part of appellant which would authorize the trial court giving such relief. The facts with reference thereto are not fully developed, and we do not deem it necessary to, and do not, pass on the question as to whether, under any state of facts, if properly pleaded, appellant would be entitled to such relief.

For the errors herein indicated, the judgment of the trial court is reversed, and the cause remanded.