**RIPS et al. v. UNGERMAN et al.**

No. 14066.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 12, 1940.

Rehearing Denied Feb. 23, 1940.

88

Terrell, Davis, Hall & Clemens, Theo F. Weiss, and Leroy Jeffers, all of San Antonio, and John Atchison, of Gainesville, for appellants.

Wm. Madden Hill, of Dallas, and Cecil Murphy, of Gainesville, for appellees.

DUNKLIN, Chief Justice.

On June 3rd, 1939, this suit was instituted in the District Court of Cooke County, by William Ungerman, Louis G. Galamba and Rachael Ungerman, wife of William. Ungerman, against Sam Rips and wife, Celia Rips, A. S. Rips and wife, Isabelle Rips, Ed Rips, Will Rips, and Theo F. Weiss, in which it was alleged that plaintiffs, William Ungerman and Louis G. Galamba, and the defendants, Sam Rips and A. S. Rips, were co-partners and joint adventurers in the development and operation of a certain oil and gas mining lease, covering 40 acres of land, located in Cooke County, Texas. Further, that in the course of operation of the lease, the partnership firm became indebted to various creditors, during the year 1938, in the sum of $7,000, and for which the defendants, Sam Rips and A. S. Rips, as members of the partnership, were liable. With further allegations, in substance, as follows: notwithstanding their partnership liability for the indebtedness above noted, defendants, Sam and A. S. Rips, executed to their respective wives a purported conveyance, of date September 9th, 1938, of their one-half interest in the 40-acre lease above mentioned, without any valuable consideration paid therefor; thereafter, on the 16th of February, 1939, Sam and A. S. Rips, joined by their respective wives, executed to the defendant, Theo F. Weiss, trustee, a purported deed of trust,

covering said 40-acre lease, purporting to secure the payment of a promissory note of the grantors, in the sum of $11,000, payable to the defendants, Ed Rips and Will Rips, which said deed of trust and promissory note were executed for the purpose of defrauding the creditors of said partnership and also their personal creditors. Ed Rips and Will Rips are threatening to foreclose the purported mortgage lien on the lease. If the said purported lien be valid (which plaintiffs deny), at all events it is inferior and subject to the rights of the plaintiffs, as members of the co-partnership firm, and as to the creditors of said partnership.

The conveyances so made by A. S. and Sam Rips to their respective wives operated in law to dissolve the co-partnership relation theretofore existing between them and plaintiffs. Immediately upon the ascertainment by plaintiffs of notice of such purported conveyances, plaintiffs demanded an accounting of the partnership affairs, to the end that the creditors of the partnership firm might be protected against the conveyances so made by Sam and A. S. Rips to their respective wives; which demand was refused by the defendants.

Following those allegations, plaintiffs sought a decree of court dissolving the partnership and for the appointment of a receiver to take control of, handle, manage and operate the partnership property, including the oil and gas mineral lease on the 40 acres, and oil and gas drilling equipment.

There were further allegations that any foreclosure sale of the one-half interest which Sam and A. S. Rips conveyed to their wives would tend to defeat the rights of the partnership creditors. It was further alleged that the property and assets of the partnership are not capable of partition and division in kind, and that a receiver should be appointed to sell the same, for the purpose of a final settlement and division between all the parties concerned.

The petition was duly verified by the plaintiffs, and on the same day the judge of the district court of Cooke County, upon an ex parte hearing, in the absence of any notice to the defendants, appointed J. D. Howeth, of Cooke County, receiver, with authority to take over all the assets of said partnership, as prayed for in the petition, with full authority to carry on and conduct the business of the partnership, receive rents, oil runs, collect compound funds, compromise demands and bring suits, and generally to manage the property and hold the proceeds arising from such operation, subject to the orders of this court. June 3rd, 1939, was the date of the appointment of the receiver.

The bond, in the sum of $5,000, required of the receiver, was duly executed, and the receiver so appointed qualified and took possession of the assets, in accordance with the order of his appointment.

On the 17th of June, 1939, the defendants, Ed Rips, Will Rips, Sam Rips and Theo F. Weiss, filed their pleas of privilege, denying their residence in Cooke County, where the suit was instituted, and claiming their residence in Bexar County, all in statutory form.

Subject to those pleas, on June 19th, 1939, all of the defendants filed pleas in abatement, based on allegations that before the commencement of this suit, there was on file and pending in the district court for the 45th Judicial District in and for Bexar County, in Cause No. B–94168, a suit involving the same cause of action, between the same parties, involving the same subject matters, and seeking the same relief, as that involved in this suit, more particularly hereinafter shown.

On July 19th, 1939, subject to the foregoing pleas of privilege and abatement, all the defendants in the suit, except Weiss, the trustee, named in the deed of trust, filed their motion to vacate and set aside the order appointing the receiver, and dissolve the receivership proceeding. The grounds for that relief were, in substance, as follows: first, the appointment of the receiver was an ex parte proceeding, without notice or knowledge of the defendants; and that, too, in the absence of any emergency shown to exist, requiring such summary action; with further allegations that at the time the receiver was appointed, defendants were in exclusive possession, management and control of the property, and had been such for more than a year; and no foreclosure of any lien against any part of the property was then imminent. Second, because of the pendency of the suit in the district court of Bexar County, as alleged in the pleas of abatement, above noted.

On the hearing of that motion, plaintiffs introduced no evidence, but defendants introduced in evidence a certified transcript of the following pleadings and proceedings in the district court of Bexar County, to show lack of jurisdiction in the district court of Cooke County to determine the

merits of this suit and to place the property in controversy in the hands of a receiver:

1. Original petition of Ed Rips and Will Rips, residents of Bexar County, filed in the district court of Bexar County, March 21st, 1939, against William Ungerman, Rachael Ungerman, A. S. Rips and Isabelle Rips, residents of Tulsa, Oklahoma, Louis G. Galamba, resident of Kansas City, Missouri, Sam Rips and Celia Rips, residents of Dallas County, Texas, and against the partnership firm of Ungerman and Galamba, to recover amounts due on a $11,000 note, of date February 16th, 1939, executed by Sam Rips, Will Rips and their wives, Isabelle and Celia Rips, payable in San Antonio, Bexar County, Texas, and for foreclosure of the deed of trust lien, of even date, executed by those defendants, on an undivided half partnership interest in the 40-acre tract of land in controversy, which were the same instruments alleged by plaintiffs in their suit in Cooke County. William and Rachael Ungerman, Louis G. Galamba, and the partnership firm of Rips, Ungerman and Galamba, were made defendants because of their assertion of some character of interest in the lease, but which was inferior and subordinate to plaintiffs' lien, with prayer for judgment so decreeing.

2. Issuance of out of state notice, with copy of petition attached, to the defendants, Rachael Ungerman, Isabelle Rips and A. S. Rips, individually and as a member of the joint venture of Rips, Ungerman and Galamba, and William Ungerman, individually and as a member of the same firm, requiring them to appear before the district court of Bexar County on the 1st day of May, 1939, then and there to answer the plaintiffs' petition filed in said suit on the 21st day of March, 1939, and due service thereof on April 1st, 1939, by the sheriff of Tulsa County, Oklahoma; also a like notice to defendant, Louis G. Galamba, individually and as a member of the joint venture of Rips, Ungerman and Galamba, which was duly served upon him by a deputy sheriff of Jackson County, Missouri, on April 13th, 1939.

3. Citations to the defendants, Celia Rips, Sam Rips, individually and as a member of Rips, Ungerman and Galamba, directed to the sheriff or any constable of Dallas County, commanding them to appear and answer the suit in the district court of Bexar County, on May 1st, 1939, was duly served on those parties by the sheriff of Dallas County, on March 24th, 1939.

4. Verified pleas of privilege and as to venue, filed April 29th, 1939, by Rachael Ungerman, William Ungerman and Louis G. Galamba, in said suit, alleging that they were not at the time of the institution of the suit, nor at the time of service of process, nor at the time of filing the plea, residents of Bexar County, where the suit was filed, but during those times they were residents of Jackson County, Missouri, and that no exception to exclusive venue in the county of one's residence provided by law existed. With the further allegation of a fraudulent misjoinder of the defendants, for the purpose of attempting to confer venue as to them; and that as to those defendants, the cause of action asserted was to remove the incumbrances upon the property described in plaintiffs' petition, or acquire title thereto, venue of which lies exclusively in the county of Cooke, where the land was located; followed by a prayer for a transfer of the case to Cooke County.

5. Verified plea in abatement, filed by William Ungerman and Louis G. Galamba, filed April 29th, 1939, subject to the foregoing pleas of privilege, in which it was alleged that there has existed a mining partnership between these parties and Sam and A. S. Rips, as alleged in plaintiffs' petition, in pursuance of which wells have been drilled and equipped by said defendants, and as the result of such operations, sundry items of indebtedness have accrued to numerous creditors, whose claims and obligations constitute a charge against the leasehold estate and against the assets of the co-partnership firm; that the purported conveyances and the deed of trust, executed to secure the promissory note sued on, by the defendants, Sam and A. S. Rips, to their respective wives, were ineffective against the creditors of the partnership firm of Rips, Ungerman and Galamba, because the same was fraudulent and without consideration. Further, that no accounting or settlement has been had of the partnership affairs, or can be had until the partnership affairs have been adjusted, by reason of which the action to foreclose against the interest formerly owned by Sam and A. S. Rips cannot be maintained.

6. Original answers to plaintiffs' suit by William and Rachael Ungerman and Louis G. Galamba, without waiver of their pleas of privilege and venue, and pleas in abate-

ment, consisting of a general demurrer and special exceptions to certain portions of the petition; and a general denial; all filed April 29th, 1939.

7. Plaintiffs' verified plea, controverting defendants' plea of privilege and venue, filed May 3rd, 1939, repeating allegations in their original petition: possession of assets of the partnership by defendants, clouding of title thereto by placing of record false claims of liens thereon; that the note sued on herein is made payable in San Antonio, which fixes venue in Bexar County, under Sub. 5, Art. 1995, Vernon's Ann.Civ.St., as against the makers, and Sub. 29a, Art. 1995, as fixing venue as against Mrs. Rachael Ungerman.

8. Defendants' motion to strike plaintiffs' controverting plea, filed June 26th, 1939.

9. Order of court overruling pleas of privilege, dated June 26th, 1939.

10. Original answer of defendants, Sam Rips and wife, Celia, and A. S. Rips and wife, Isabelle, to plaintiffs' suit, filed May 25th, 1939, in which they admitted the truth of allegations in plaintiffs' petition; followed by their cross actio nagainst William and Rachael Ungerman and Louis G. Galamba, seeking an accounting and settlement of the partnership between plaintiffs, Sam and A. S. Rips and William Ungerman and Louis G. Galamba, formed for exploring and developing the 40 acres for oil and gas under the lease in controversy, alleging possession of all partnership assets by Ungerman and Galamba, their mismanagement thereof, resulting in loss and damage, and praying for judgment for such damages, and for appointment of a receiver to take over possession and operation under order of the court; out of state service on that cross action.

The findings and conclusions filed by the trial court, in the instant case instituted in Cooke County, upon a hearing of the motion to vacate the receivership and plea in abatement, show a finding of the institution of the prior suit in the district court of Bexar County, the relief prayed for by plaintiffs therein, the answer and cross action filed therein by A. S. Rips, Sam Rips and their respective wives, Isabelle Rips and Celia Rips, as against William Ungerman, Rachael Ungerman and L. G. Galamba, for damages for their fraud and mismanagement of the partnership property, with a further finding that the cross action praying for appointment of a receiver was never called to the attention of the district court in that case, who never took appointment of a receiver under advisement, and no notice was issued thereon until June 30th, 1939, which was some 27 days after this suit had been filed in the district court of Cooke County, and 16 days after the filing of the plea in abatement and motion to vacate the receivership in controversy here.

Following are the trial judge's conclusions of law, by reason of which the defendants' plea in abatement and motion to vacate the receivership were overruled; and from which action defendants have appealed:

"1. That the District Court of the 45th Judicial District of Bexar County, Texas, had no jurisdiction over the defendants, L. G. Galamba, William Ungerman and Rachael Ungerman in the original suit filed in said court by Ed Rips and Will Rips to foreclose said deed of trust lien, and that there was a misjoinder of parties to said suit.

"2. That the District Court of the 45th Judicial District of Bexar County, Texas, had no jurisdiction over the cross-defendants, William Ungerman, Rachael Ungerman and L. G. Galamba, on account of said cross action because same was not in reference to plaintiffs' cause of action but was based upon an unrelated and independent claim in no way connected with that of plaintiffs' and that said cross action was brought without authority in law.

"3. That no jurisdiction attached to the District Court of the 45th Judicial District of Texas for the appointment of a receiver on account of said cross action, and that this court had jurisdiction to appoint such receiver.

"4. That said William Ungerman, Rachael Ungerman and L. G. Galamba did not submit themselves to the jurisdiction of the District Court of the 45th Judicial District of Texas.

"5. That the introduction of certified copies of the pleadings in the District Court of the 45th Judicial District of Bexar County, Texas, was insufficient to show the pendency of the suit at the time of the trial in this court.

"6. That the petition filed herein alleges sufficient grounds for the appointment of a receiver.

"7. That defendants herein having filed a motion to vacate said receivership error, if error there was, in the appointment of said receiver without notice, was thereby waived.

"8. That said leasehold interest being an interest in land, this court has exclusive jurisdiction for the partition of same."

The two suits, the first in the district court of Bexar County, and the later suit in Cooke County, were between the same parties in interest; Theo F. Weiss, named as trustee in the deed of trust, being a nominal party only. In both suits, a settlement of the partnership accounts and division of the assets of the partnership formed for exploring and developing the 40 acres for oil under the lease in controversy was involved, and without which the relief sought in each suit could not be awarded. Such settlement of partnership business was also a necessary prerequisite to granting the relief sought in the cross action filed by defendants, Sam Rips, Celia Rips, A. S. Rips and Isabelle Rips.

We believe it clear that the district court of Bexar County acquired original exclusive jurisdiction to decree a foreclosure of plaintiffs' mortgage lien on the property in controversy, and to require a settlement of the partnership accounts, and as an incident thereto, to determine the interests of all the partners, and plaintiffs' claim of mismanagement of the partnership property by defendants, and damages arising therefrom, and all other issues tendered by plaintiffs in the second suit.

Therefore, the district court of Cooke County was without jurisdiction of the suit instituted therein, in the absence of which the order appointing the receiver was reversible error.

We believe that conclusion is definitely and conclusively supported by the decisions of our Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813; Way & Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067; Benson v. Fulmore, Tex.Com.App., 269 S.W. 71; Cavers v. Sioux Oil & Refining Co., Tex. Com.App., 39 S.W.2d 862, and others which might be cited. All the defendants were proper and necessary parties to plaintiffs' suit in Bexar County, and were properly joined. Barton v. Farmers' State Bank, Tex.Com.App., 276 S.W. 177; National Surety Co. v. Atascosa Ice, Water & Light Co., Tex.Com.App., 273 S.W. 821; Skipwith v. Hurt, 94 Tex. 322, 60 S.W. 423;

Brooks Supply Co. v. Gallinger, Tex.Civ. App., 279 S.W. 524, and cases cited. Nor did the alleged misjoinder of parties, if any, in the first suit, operate to defeat jurisdiction of the district court of Bexar County to grant the relief prayed for by plaintiffs in the first suit, which is a point stressed by appellees. 1 Tex.Jur., sect. 49, p. 664; Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358; Snider v. Methvin, 60 Tex. 487; Lewis v. Pitts, Tex.Civ.App., 275 S.W. 473, writ of error refused.

Appellees argue that plaintiffs had no statutory right of appeal from the interlocutory order overruling their plea in abatement; and that since the appeal from the order refusing to vacate the receivership necessarily depended upon the right to abate, no appeal would lie therefrom.

Plaintiffs' right of appeal from the order of the district court of Cooke County, overruling their motion to vacate the receivership, was expressly given by Art. 2250, Rev.Civ.St. As said by the Supreme Court, in Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, 565, 196 S.W. 501: "The power of the court to appoint the receiver proceeds from its jurisdiction of the cause and is an element of it."

If, as held by us, the district court of Cooke County acquired no jurisdiction of the suit filed in that case because of the pendency of the prior suit in the district court of Bexar County, then all orders theretofore made or that could be made thereafter, in the Cooke County case, were and would be void, for lack of jurisdiction of the main case.

Since the motion to vacate the receivership for lack of such jurisdiction was meritorious, it was the duty of the trial judge to grant it and then dismiss the suit on his own motion, even in the absence of a plea in abatement or a plea in bar. 15 C. J. page 852, par. 171, and decisions cited.

For the reasons noted, the order of the district court of Cooke County, refusing appellants' motion to vacate the receivership, is set aside, and the case will be remanded, with instruction to that court to enter that order and to dismiss the suit in its entirety, and tax all costs incurred therein against the plaintiffs in that suit.

Reversed and rendered.