**WITTY v. ROSE et al.**

**No. 4010.**

Court of Civil Appeals of Texas. El Paso.

Jan. 30, 1941.

Rehearing Denied March 6, 1941.

B. D. Kimbrough, of McAllen, for appellant.

J. Hodge Thompson and W. O. Slattery, both of Corpus Christi, for appellees.

SUTTON, Justice.

The order overruling appellees' first motion for rehearing has heretofore been set aside and the case reinstated on that motion. We have concluded to withdraw the original opinions, reversing and rendering this cause and substitute therefor this opinion.

This is an appeal from the 117th District Court of Nueces County. The parties will be here designated as in the trial court.

The suit is one by plaintiff in debt to recover on a dormant judgment rendered in his favor December 14, 1928, in the County Court of Nueces County against the defendants, Samuel Rose and Mrs. J. P. Rose. Subsequent to the proceedings had in the County Court, the County Court jurisdiction was by law transferred to the District Court. Hence this suit in the District Court.

The trial was before the court and the judgment that plaintiff take nothing. To which the plaintiff duly excepted, and from that judgment has perfected this appeal.

This cause, under our view of the case, might be, and if it could, ought to be, affirmed without an opinion, except one proposition involved here has, we think, never heretofore been decided.

The appellant (plaintiff below) in several assignments of error challenges the correctness of the trial court's action in rendering judgment against him. These assignments fall in one or the other of four groups. He assigns as error the holding and conclusion of the trial court that the docket entry made by the County Court on the docket March 14, 1928, is insufficient to set aside the dismissal judgment entered on March 6, 1928, and to reinstate the case. He also challenges the correctness of the judgment of the trial court because, he asserts, the judgment on which he sues is regular on its face, not subject to collateral attack, and must be accorded full verity. He also complains that the court wrongfully admitted evidence "aliunde the judgment record in cause No. 2594" to prove the invalidity of such judgment. He also complains of the action of the court in holding and concluding that the defendants' defenses are barred by limitation, and that they are precluded by laches.

The minutes of the County Court, which are the authoritative records of the court and by which this cause must be determined, disclose these facts: That in cause No. 2954 on the docket of the County Court of Nueces County, styled C. L. Witty v. Samuel Rose et al., on the 6th day of March, 1928, a judgment altogether regular on its face and in form was entered dismissing said cause for the failure of plaintiff to comply with the rule for costs. It recites:

"On this the 6th day of March, A. D. 1928, came on to be heard the above entitled and numbered cause, and it appearing to the Court that plaintiff has been properly ruled for costs in said cause at the term of court preceding this (the March term), and it further appearing to the court that the plaintiff herein has failed to file his bond for costs in said cause, and defendants having moved that the said cause be dismissed:

"It is therefore ordered, adjudged and decreed by the Court that the said cause be and is hereby in all things dismissed at plaintiff's cost."

This judgment was carried into the minutes.

On the 14th day of December, 1928, at a subsequent term of the court, plaintiff recovered a judgment against these defendants by default for $280 and costs. This judgment is regular and sufficient on its face and as to form. It likewise went into the minutes. It recites service and the failure of defendants to answer, etc., but makes no reference whatever to the judgment of dismissal or the reinstatement of the cause. It is on this judgment plaintiff seeks to recover in this suit.

In defense of plaintiff's suit herein, the defendants, among other things, say the plaintiff is not entitled to recover because of the former judgment of dismissal, which he alleges became final. Plaintiff takes the position that he ought to recover because at the same term of the County Court, on March 14, 1928, the court set aside the judgment of dismissal and reinstated the case by a notation made on the docket in these words and figures: "3,14,28, plaintiff produced bond showing file mark November, 1927, and this cause is reinstated." There was no written order made and carried into the minutes. The docket entry did not go into the minutes. The defendants say this was not sufficient to set aside the judgment in their favor; that they knew the dismissal was entered; that they had no notice of the docket entry nor of the default judgment against them until this suit was filed. The trial court in its findings of fact and conclusions of law found these facts to be true. In other words, on this phase of the case found the equities in favor of the defendants, if this proof be admissible.

The plaintiff contends this cannot be, because it is a collateral attack on his judgment which is regular on its face and imports perfect verity. We agree with this proposition.

■ The judgment of dismissal was a perfect and final judgment, and was an end to that lawsuit until properly set aside. The docket entry was insufficient to do that. It required an order of the court entered of record in the minutes, and the law prescribes the procedure. Article 2291, R.C.S.1925; Morris v. Natl. Cash Register Co., Tex.Civ.App., 44 S.W.2d 433, and cases there cited. The record proper and not the docket entry is the authoritative evidence of the court's action.

■ That a solemn judgment of a court of record cannot be collaterally attacked and can only be impeached by the record itself, or in a direct proceeding brought for that purpose, has long been the law, and a doctrine about which there is no dispute, and one about which there is no conflict between the courts. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277.

There might be many authorities cited, but we deem it unnecessary. The plaintiff applies this to his judgment and invokes it to give validity to it. The doctrine is sound, but when he about faces he is met squarely with the former judgment of dismissal, to which the same doctrine is applicable with equal effect.

■ We here find in the record of the court two judgments by the same court, in the same suit, between the same identical parties, and dealing with the same subject matter, and each imports equal verity. We have been cited no case, and find none, deciding this question. We think it must logically follow that when there are two such judgments, each importing equal verity and differing only in point of time, that the one prior in time must prevail, and this we so hold.

■ Since the dismissal judgment was never set aside, the court was without authority to render the subsequent judgment. According to the record there was no case pending in which the judgment could be rendered. The record affirmatively shows the invalidity of the judgment sought to be revived. We are not unmindful of the broad power and discretion of a trial court to deal with its judgments in term time when exercised in accordance with the law.

■ The plaintiff pleaded laches and limitation and raises these questions in his assignments. The defendants had a judgment in their favor, and until set aside they were required to do nothing. These assignments and propositions, therefore, have no application and are overruled.

■ The plaintiff in his fifth assignment of error says the court erred in admitting evidence aliunde the judgment record in cause No. 2594 in the County Court

to prove the invalidity of such judgment, but our attention is nowhere directed to such testimony, and there is no bill of exceptions complaining of the court's action in admitting any evidence aliunde the record, nor do we otherwise find where any such complaint has been perfected in the record, and we therefore overrule such assignment.

The action of the court in this case must demonstrate that we have given careful consideration to all the assignments. We find no error that justifies the reversal of the judgment, and the judgment of the trial court is therefore affirmed, and it is so ordered.