## LEACH v. BROWN et al.
### No. 12424.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 17, 1952.

Rehearing Denied Oct. 15, 1952.

John F. May, Fred V. Klingeman, Karnes City, for appellant.

Butler, Binion, Rice & Cook, Malcolm R. Wilkey, James Noel, Houston, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Karnes County by Edmonia Tenberg Leach against defendants, Herman Brown and Anderson-Prichard Oil Corporation, seeking to recover the sum of $4,910.51 alleged to be due her as royalty, under the provisions of an oil, gas and mineral lease executed by her on June 10, 1944, covering 177 acres of land, a part of the James Johnson Survey in Karnes County, Texas.

The defendants filed identical pleas of abatement contending that the plaintiff's land had been pooled or unitized with the other lands composing the "Burnell Field" and that therefore the other lease owners and royalty owners in the "Burnell Field" were necessary and indispensable parties to this suit, naming some twenty-one of them.

Plaintiff answered alleging that her 177 acres, known as the "Tenburg Lease", had been invalidly pooled or unitized with the leases in the Burnell Field and that she was entitled to 7/16 of 1/8 of the royalty from her land, and that the other lease and royalty owners in the Burnell Field had no interest in this 7/16 of 1/8 royalty.

The trial court had a hearing upon these pleas of abatement, at which certain stipulations and other instruments were introduced, and came to the conclusion that the pleas of abatement should be sustained, unless plaintiff saw fit to make the other lease and royalty owners in the Burnell Field parties to her suit. Plaintiff was represented at this hearing by Muckleroy McDonnold, Esq., but after such hearing he withdrew from the suit on account of illness, and she has since been represented by her present attorneys, John F. May, Esq., and Fred V. Klingeman, Esq. The trial judge was notified that plaintiff would not make new parties but would appeal the decision. Inasmuch as there was no court reporter present at the first hearing and for other reasons, the trial court decided to have a new hearing so that evidence might be properly

introduced and a proper record made for an appeal. At this new hearing plaintiff's present attorneys objected to certain stipulations made by the former attorney and asked the court to set them aside. This the court refused to do.

At this hearing certain stipulations and instruments were again introduced and testimony taken. The trial court sustained the pleas of abatement and upon plaintiff's refusal to amend dismissed the cause, from which action Edmonia Tenberg Leach has prosecuted this appeal.

Appellant's first contention is that the court erred in requiring joinder of the parties named in defendants' Exhibit No. 6, because such parties are exceedingly numerous, many reside outside of the State, and it would amount to a dismissal of plaintiff's suit and destroy plaintiff's substantive rights, it not being shown that their interest will be affected by the suit. The important part of this contention is whether the rights of these persons required to be made parties will be affected by this suit.

The oil and gas lease executed by plaintiff on June 10, 1944, to M. H. Marr and Herman Brown and now owned by appellees, was introduced in evidence, and it is the contention of appellees that Clause 12 of this lease, when construed in connection with other provisions of the lease, authorized them to execute the unitization agreement which they did execute, creating a pool of the entire Burnell Field, insofar as the production of gas, condensate and other hydro-carbons (hereafter referred to simply as gas) while appellant contends that appellees exceeded their authority in entering into the unitization agreement.

Appellant confines her suit to the recovery of money alleged to be due her, however, if she should recover, it would necessarily free her land, known as the "Tenberg Lease", from the unitization agreement.

The law is well settled in this State that the royalty owners in a unitization pool are joint owners of the royalties occurring from any one of the leases in the pool. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472; Belt v. Texas Co., Tex.Civ.App., 175 S.W.2d 622; Miles v. Amerada Petroleum Corp., Tex.Civ.App., 241 S.W.2d 822; Brown v. Smith, 141 Tex. 425, 174 S.W.2d 43.

We are not here passing upon the merits of this case. All that is before us is the question as to who are indispensable parties to a suit which would have the effect of freeing a tract of land from a unitized area of which it has been made a part. Many questions presented by appellant go to the merits of the case and cannot properly be decided here. We overrule appellant's first point.

At the second hearing in the trial court a stipulation was admitted in evidence over appellant's objection, and her motion to withdraw the stipulation was overruled. This action of the court is assigned as error. The stipulation was apparently entered into freely by appellant's then counsel and counsel for appellees. It stipulates that there are a number of persons "who are at the present time owners of an interest or interest in the oil and gas in and under (and are receiving oil and gas payments by virtue of such interest or interests) the lands described in and purporting to be pooled and unitized by that certain operating and Unitization Agreement, Burnell Field, * * *." The trial court did not err in admitting this stipulation in evidence nor in refusing to allow appellant to withdraw it.

Appellant was furnished with a list of the names of some 300 persons and corporations supposed to have an interest in the Burnell Unitized Area. Opposite each name is a reference to a book and page of the deed records of either Karnes or Bee County. This reference could have been given for no other reason than to show the record of the instrument where that particular person acquired an interest in the pool. Appellees' attorneys offered from time to time to furnish appellant with any change that might be made in such ownership. Attorney McDonnold agreed that this was all the information he would need. Appellant is not in a position to contend that she has not been furnished with def-

inite. and positive information as to who the parties are that are claiming an interest in her land.

Whether or not a careful construction of the lease executed by appellant will show that appellees have exceeded their authority in placing appellant's land in the Burnell Pool is a matter to be determined upon the trial of the merits of the case. The only question here to be determined is whether these 300 persons are entitled to be parties to a suit in which their claim to an interest in appellant's land is to be decided. Under the case of Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, and the other cases above cited, there can be no question but that such parties are indispensable parties to such a suit.

The judgment is affirmed.