**Edmonia Tenberg LEACH, Appellant,**

**v.**

**Herman BROWN et al., Appellees.**

**No. 12902.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

Dissenting Opinion Jan. 25, 1956.

Second Motion for Rehearing Denied Feb. 23, 1956.

Fred W. Klingeman, John F. May, Karnes City, W. Lawrence Cook, Jr., Houston, for appellant.

Vinson, Elkins, Weems & Searls, Thomas Fletcher, Neal Powers, Jr., Butler, Binion, Rice & Cook, Robert H. Singleton, Dean J. Capp, Roland B. Voight, Houston, Dougherty & Dougherty, Beeville, Cox, Patterson & Smith, San Antonio, Scarborough & Roberts, Kenedy, for appellees.

W. O. MURRAY, Chief Justice.

This is the second appeal of this cause. The first appeal was disposed of in this Court in our opinion found in Vol. 251 S.W.2d 553. In the first appeal the trial court had found that it was necessary for plaintiff below to make certain additional parties, and upon plaintiff's refusal to do so the cause was dismissed. We affirmed this judgment of dismissal. Appellant applied to the Supreme Court for a writ of error, which was by the Supreme Court refused on January 21, 1953.

After the application for a writ of error was refused by the Supreme Court, appellant on August 7, 1953, attempted to file an amended petition in the cause which had theretofore been dismissed by the trial court on January 26, 1952. While this judgment of dismissal makes final disposition of this cause, it was probably without prejudice to appellant's right to file a new suit. McDonald, Texas Civil Practice, Vol. 4, § 17.17, p. 1355.

Appellant cannot revive a cause which has been finally disposed of by the simple method of filing an amended original petition. The attempt to have further proceedings in a case which had been dismissed more than a year prior to the filing of the amended original petition was a nullity, and we acquire no jurisdiction by an attempted appeal from a second judgment dismissing the same cause. Witty v. Rose, Tex.Civ.App., 148 S.W.2d 962; Rips v. Ungerman, Tex.Civ.App., 137 S.W.2d 87.

The attempted appeal will be dismissed.

NORVELL, Justice (dissenting).

Upon consideration of appellant's motion for rehearing, I am of the opinion that we erred in dismissing this appeal for want of jurisdiction. The judgment of the district court was a final order from which an appeal lies to this Court under the provisions of Article 1819, Vernon's Ann.Tex. Stats. The only supportable theory under which our dismissal can be sustained is that the trial court was without jurisdiction of the case. The petition filed by appellant contained all the requisites of an original petition. It was, however, improperly described as an "amended petition" and given the docket number of a disposed of case. Did this irregularity defeat the jurisdiction of the district court? In my opinion it did not. In her motion, appellant cites cases which hold that a misdescribed and irregularly docketed pleading may be considered as an original petition and serve to institute a new suit. Black v. Black, Tex. Civ.App., 2 S.W.2d 331; Keith v. Keith, Tex.Civ.App., 286 S.W. 534; Buckholts

State Bank v. Thallman, Tex.Civ.App., 196 S.W. 687. If we look to the substance of things, the so-called "amended petition" necessarily must have been an original petition, as there was no live pleading which it could amend. Despite its misnomer and improper docketing, the petition was still sufficient to invoke the jurisdiction of the district court as that jurisdiction is defined by our Constitution and statutes. I respectfully dissent from the order overruling the motion for rehearing.