**Edmonia Tenberg LEACH, Appellant,**

**v.**

**Herman BROWN et al., Appellees.**

**No. 12902.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 31, 1956.

Rehearing Denied Jan. 30, 1957.

Fred W. Klingemann, John F. May, Karnes City, W. Lawrence Cook, Jr., Houston, for appellant.

Vinson, Elkins, Weems & Searls, Thomas Fletcher, Neal Powers, Jr., Butler, Binion, Rice & Cook, Robert H. Singleton, Dean J. Capps, Roland B. Voight, Houston, Dougherty & Morrill, Beeville, Cox, Pat-

terson & Smith, San Antonio, Scarborough & Roberts, Kenedy, for appellees.

**W. O. MURRAY, Chief Justice.**

This is the third opinion we have written concerning this particular controversy.

The controversy began by the filing of a suit in the District Court of Karnes County by Edmonia Tenberg Leach against Herman Brown and Anderson-Prichard Oil Corporation, seeking to recover the sum of $4,910.51, alleged to be due her as royalty under the provisions of an oil and gas lease executed by her on June 10, 1944, covering her one-half interest in 177 acres of land, a part of the James Johnson Survey located in Karnes County, Texas. The defendants filed pleas in abatement setting up that the so-called "Tenberg Lease" had been unitized with the other lands composing the "Burnell Field" and that therefore the other lease and royalty owners in that field were necessary and indispensable parties to this suit.

Plaintiff replied by saying that her lease had been invalidly unitized with the Burnell Field, and that the other lease and royalty owners in the Burnell Field had no interest in her royalty in oil or gas produced from her undivided interest in the 177 acres.

The trial court sustained the pleas in abatement and upon plaintiff's refusal to amend dismissed the cause. Mrs. Leach prosecuted an appeal from that judgment to this Court and we held that such lease and royalty owners were indispensable parties and affirmed the judgment of the trial court. In this we were upheld by the Supreme Court, by a refusal of a writ of error. Leach v. Brown, Tex.Civ.App., 251 S.W.2d 553.

Thereafter Mrs. Leach filed a Third Amended Petition, under the same style and number, in the same court, seeking to convert the suit into a class suit and to make a few members of each class of defendants parties as representatives of their class. The trial court sustained defendants' pleas in abatement to this petition also, and again dismissed the cause, from which judgment Mrs. Leach again appealed to this Court.

Upon the first hearing of this appeal a majority of this Court, with Associate Justice Norvell dissenting, held that a second appeal from this same disposed of case could not be taken, and dismissed the appeal. Leach v. Brown, Tex.Civ.App., 287 S.W.2d 304. This opinion was reversed by the Supreme Court's holding that where there were no live pleadings, which the so-called "Amended Petition" could amend, such petition must necessarily have been an original petition and, despite its misnomer and improper docketing, was still sufficient to invoke the jurisdiction of the district court. The Supreme Court reversed our judgment of dismissal and remanded the cause to this Court for consideration on the merits. Leach v. Brown, Tex., 292 S.W.2d 329. Thus we come to such a consideration.

Appellant's first point is: "The court erred in dismissing Appellant's suit on the ground of failure to join indispensable parties, because all parties interested in the subject matter of the suit were properly before the court either in person or by representation." This presents the question of whether or not this suit can be maintained as a class suit. Rule 42(a), Texas Rules of Civil Procedure, provides for a class suit under certain circumstances.

This suit originally was against Herman Brown and Anderson-Prichard Oil Corporation, the lessee under the oil and gas lease executed by Mrs. Leach, covering her undivided one-half interest in the 177 acres, sometimes referred to as the "Tenberg Lease." The real object of the suit was to have a unitization agreement, executed by lessees, placing the "Tenberg Lease" in the Burnell Unitized Field, declared invalid for want of authority on the part of appellees to execute such an agreement, and to have appellant's right to recover the

amount of royalty provided for in the "Tenberg Lease," declared established.

In our opinion on the first appeal we held that the other royalty and leaseholders in the Burnell Field were indispensable parties to such a suit. Leach v. Brown, Tex. Civ.App., 251 S.W.2d 553, but we did not pass upon whether they could be brought into court by a class suit.

■ This entire suit stands or falls upon the validity of the unitization agreement executed by the lessees. If they had authority to execute such a unitization agreement Mrs. Leach must lose, but if they did not have such authority she must win. Whether there was authority depends upon the interpretation of paragraph 12 of the "Tenberg Lease." There are at least 180 separate interests in the Burnell Unit, the addresses of the owners being at numerous places over Texas and in other states. It is further shown that it will be too expensive, impractical and difficult for appellant to make all of these alleged owners parties by service of citation on each one separately. This is just the kind of suit that Rule 42(a), supra, was intended to cover. See: Smith v. Swormstedt, 16 How. 288, 14 L.Ed. 942; Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857; McDonald, Texas Civil Practice, Vol. 1, § 3.34, p. 269; Van Brunt v. Wisconsin Consistory Home Ass'n, 163 Wis. 540, 158 N.W. 295.

A stipulation is in evidence reading as follows:

"That the persons named in Paragraph I and referred to without naming the same in Paragraph II of defendant Herman Brown's Plea in Abatement and in Paragraph I and referred to without naming the same in Paragraph II of defendant Anderson-Prichard Oil Corporation's Plea in Abatement are at the present time owners of an interest or interests in the oil or gas in and under (and are receiving oil and gas payments by virtue of such interest or interests) the lands described in and purported to be pooled and unitized by that certain Operating and Unitization Agreement, Burnell Field, Bee and Karnes Counties Texas, effective October 1, 1947, * * * as the same has been amended * * *."

■ Appellees contend that appellant by this stipulation agreed that the owners of the royalty and leases composing the Burnell Unit are joint owners of an interest in the oil and gas under the 177 acres here involved. If the stipulation is given this meaning then appellant has stipulated as true the very thing that the suit was instituted to disprove. As a matter of fact, this stipulation could be true in one sense without in any way affecting the royalty interest of appellant, because there are other owners of oil and gas rights in and under the 177 acres involved, and through these owners the Burnell Field owners of leases and royalties do have such an interest. This evidently was not the meaning of the stipulation. The meaning thereof is a matter of interpretation. We construe the stipulation as meaning that so long as the Unitization Agreement made by appellant's lessees stands, the owners in the Burnell Field have an interest in the oil and gas claimed by appellant, but that if that Unitization Agreement should be set aside they would have no such interest.

■ Appellees next contend that the first judgment of dismissal was res judicata of the questions arising on this appeal. In the first case the trial court was not called upon in any way to pass upon the question as to whether this suit could be brought as a class suit. The judgment in the first case was not a judgment on the merits. The case was abated upon motion of appellees for the want of indispensable parties. Whereupon appellant declined to amend and appealed to this Court. But these facts do not prevent appellant from filing another suit, which the Supreme Court has held she has done, in which she seeks to bring in these indispensable parties by a class suit. Gilbert v. Mooring, Tex.Civ.

App., 88 S.W.2d 537; Lucas v. Dallas County, Tex.Civ.App., 138 S.W.2d 179; 30 Am.Jur. 947, § 211; Patterson v. Anderson, 194 Va. 557, 74 S.W.2d 195; 26 Tex.Jur., Judgments, § 393, p. 91.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.