**C. M. FROST et al., Appellants,**

v.

**STANOLIND OIL AND GAS COMPANY et al., Appellees.**

**No. 13121.**

Court of Civil Appeals of Texas.

Houston.

Nov. 14, 1957.

Rehearing Denied Dec. 5, 1957.

I. M. Wilford, Houston, for appellants.

Fountain, Cox, Gaines & Fox; Joyce Cox, Houston, for appellee Amerada Petroleum Corp.

A. W. Bounds and Dean J. Capp, Houston, for appellee Pan American Petroleum Corp. (formerly named Stanolind Oil and Gas Co.)

BELL, Chief Justice.

C. M. Frost and others, appellants here, sued Stanolind Oil and Gas Company and Amerada Petroleum Corporation, appellees here, to recover $1,470 which appellants claim represents the value of oil and gas royalties which have accrued to them. Appellees filed a plea in abatement alleging there were numerous persons who should be made parties to the suit and whose presence is indispensable. The plea in abatement was sustained as to persons owning royalty interests under lessor, and, appellants refusing to amend and bring such parties into the suit, the court dismissed the suit.

On November 4, 1932, John Bode, lessor, executed an oil and gas lease to Kirby Petroleum Company, lessee, reserving to himself as royalty a ⅛ interest in oil and the market value at the well of ⅛ of gas produced. This lease covered a defined 43.71 acre tract of land out of the J. Hooper Survey in Harris County. By assignment the interest of Kirby became the property of appellees. Thereafter, on March 3, 1933, Bode conveyed a 15 year term royalty of ¼₆ to W. J. Goldston covering the full 43.71 acres. The owners of this term royalty interest at the time of suit were all held to be indispensable parties.

On March 9, 1933, Bode conveyed to Frost Brothers Oil Company, appellants' predecessor in title, the fee to the 10 acres, more or less, out of the 43.71 acres, which lay east of West Montgomery Road. The instrument then recited that the land was then under lease to Kirby. It also recited that Bode had previously conveyed a ¼₆ royalty interest to W. J. Goldston. Then followed this language:

"This sale is made subject to the above mentioned oil and gas lease and to the above mentioned royalty deed but covers and includes the above described land in fee simple together with all rentals and royalties due under said lease together with all reversionary rights and all other rights of every kind and character owned by grantor."

On May 9, 1933, Bode conveyed to Fidelity Oil and Royalty Company a ¼₃₂ royalty interest in 37 acres, more or less, the acreage being off the west side of the 43.71 tract (33 acres was apparently intended and since counsels' briefs have called it 33 acres, we will hereafter do so in this opinion). By various conveyances this interest became vested in numerous persons. Each person who holds an interest under Fidelity was held to be an indispensable party.

On March 23, 1933, Kirby, the then lease owner of the lease, conveyed a ¼₃₂ overriding royalty to Standard Oil Company of Kansas. This interest, upon voluntary liquidation of Standard, became vested in numerous persons. While appellees as-

serted these persons were indispensable parties, the trial court held otherwise. No complaint is made on this appeal of such action by the trial court. In the trial court, and by brief before this Court, appellants contend that since the sole object of their suit was to recover from appellees accrued royalty which appellees' predecessor in title contracted in the lease to pay, the suit is purely contractual in nature and the result of the trial cannot possibly affect the interests of other royalty owners. They seek only a money judgment. Appellants say here this view is strengthened by the fact that appellees admit in their brief, though there was no such proof in the trial court, that other royalty owners than themselves have been paid the royalty they claim to have accrued and seek in this suit.

All production was from wells on the 33 acre tract. No production has come from any well on the 10 acre tract specifically described in the deed to appellants.

While appellants' suit is framed so as to seek only a money judgment for accrued royalty based on the theory that the lease contained an agreement by the lessee to pay a royalty, which agreement was breached by nonpayment, it is absolutely essential for them by proof to sustain their ownership of royalty under the 33 acre tract. Since the deed to them covered the fee to a specific 10 acres, any royalty to which they are entitled must come from production on the 10 acre tract, unless other language in the deed entitles them to an apportionment of royalty under the whole 43.71 acres. Japhet v. McRae, Tex.Com. App., 276 S.W. 669. They obviously seek to bring themselves within the holding of Hoffman v. Magnolia Petroleum Company, Tex.Com.App., 273 S.W. 828, by contending that the language in their deed conveyed to them their proportionate part of the "royalties due under said lease." If they are correct in their contention, which will be a matter to be decided in a trial on the merits,

they will become co-owners with all other royalty owners of the royalty payable from wells located anywhere on the 33 acres. This will mean that some of the royalty interest of some of the other royalty owners is going to be reduced.

In oral argument counsel for appellants has with commendable candor conceded that this appeal is controlled by the decision of Leach v. Brown, Tex.Civ.App., 251 S.W.2d 553, writ ref., which holds contrary to appellants' contention. He disagrees in principle with the holding but now recognizes its efficacy in the light of the outright refusal of a writ of error by our Supreme Court. In that case Mrs. Leach leased a tract of 177 acres to M. H. Marr and Herman Brown. The tract was later unitized with other land. Production was obtained on the 177 acre tract. Mrs. Leach owned a $7/16$ of $1/8$ royalty under this tract. She brought a suit against Brown and Anderson-Prichard Oil Company seeking only a money judgment covering the value of this $7/16$ of $1/8$ of production from the 177 acre tract. Her theory was that her lessees had no power to unitize the land. There were some 300 royalty owners under the unitized area who were not made parties. The court held them to be indispensable parties, saying the effect of the recovery by Mrs. Leach would be to free her tract from the unitized acreage thus affecting the interest of all other royalty owners under the unitized tract.

In our case, should appellants prevail in a trial on the merits, they would project themselves into the 33 acres and thereby reduce the royalty of some of the other royalty owners. As to whether all or only some owners, and which ones, will be adversely affected is a matter to be determined at such a trial on the merits.

We think this case indistinguishable in principle from Leach v. Brown, supra, and the authorities there cited, and, therefore, affirm the judgment of the trial court.