EDMONIA TENBERG LEACH V. HERMAN BROWN ET AL.

No. A-5716. Decided July 18, 1956.
(292 S.W. 2d Series 329)

Fred Klingeman and John F. May, both of Karnes City, Painter, Painter & Cook and W. Lawrence Cook, Jr. of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the trial court was without jurisdiction to consider the matters presented in petitioner's first amended original petition. Burrage v. Hunt Production Co., 114 S.W. 2d 1228, error dismissed; Custer v. McGough, 184 S.W. 2d 668; Johnson v. Baumhoff, 322 Mo. 1017, 18 S.W. 2d 13.

Vinson, Elkins, Weems & Searls, Thomas Fletcher, Dean J. Capp, Roland B. Voight, Scarborough & Roberts, Kenedy, Butler, Binion, Rice & Cook, Robert Singleton and Neal Powers, Jr., all of Houston, Patterson & Smith, of San Antonio, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was filed by petitioner as a class action against numerous defendants, some eighteen of them being sued by name and as representative of the class. The relief sought was removal of certain instruments as a cloud on petitioner's title to a mineral royalty interest, and an accounting from two of the named defendants. The named defendants answered and filed pleas of non-joinder of necessary parties. The defendants' contention, among other things, being that a class action could

not be maintained where the grounds for recovery, if upheld, would necessarily have the effect of freeing her land from the unitization agreement affecting the lands involved. Their position being that all the parties to the unitization were joint owners of the royalty, and that all of the named defendants, as well as those named in the plea of non-joinder, or plea in abatement, were necessary and indispensable parties.

The trial court sustained the plea of non-joinder and plea in abatement. An appeal was perfected to the Court of Civil Appeals and that court, on its own motion, dismissed the appeal on the ground that it was without jurisdiction. 287 S.W. 2d 304.

This is the second appeal on the question of necessary and indispensable parties.

A brief history of this case is as follows:

By original petition the petitioner sued only her oil, gas and mineral lessees, Herman Brown and Anderson-Pritchard Oil Corporation, for recovery of $4,910.51, alleged to be due her as royalty under the terms of the lease dated June 10, 1944, covering certain lands in Karnes County. Petitioner attacked as invalid the pooling and unitization of the land in which she owned an interest with other lessees and royalty owners in the Burnell field. The defendants filed pleas in abatement, set up the unitization agreement and alleged that certain royalty and leasehold owners in the unit were necessary and indispensable parties. The trial court sustained the pleas in abatement and on appeal this action was affirmed. 251 S.W. 2d 553. This Court refused petitioner's application for writ of error on January 21, 1953. [150 Texas 687].

On August 7, 1953 petitioner filed the present suit as a class action by filing under the same docket number in the same court a petition designated as a First Amended Original petition. To this petition respondents asserted their pleas of non-joinder of necessary and indispensable parties and such pleas were sustained by the trial court.

The question for our determination is: Did the amended petition, filed on August 7, 1953 under the original docket number of the case that was finally disposed of on January 21, 1953 when this Court refused a writ of error, invoke the jurisdiction of the trial court?

The majority of the members of the Court of Civil Appeals has held that the filing of the amended petition in the cause that had finally been disposed of amounted to no more than an attempt to have further proceedings in a case which had been dismissed more than a year prior to the filing of the amended petition, and, therefore, the action in so filing was a nullity. With this we do not agree. We agree with and approve the holding in the dissenting opinion filed by Associate Justice Norvell, on motion for rehearing, wherein it was said: "The judgment of the district court was a final order from which an appeal lies to this court under the provisions of Article 1819, Vernon's Annotated Texas Statutes. * * * The petition filed by appellant contained all the requisites of an original petition. * * * If we look to the substance of things, the so-called 'amended petition' necessarily must have been an original petition, as there was no live pleading which it could amend. Despite its misnomer and improper docketing, the petition was still sufficient to invoke the jurisdiction of the district court as that jurisdiction is defined by our Constitution and Statutes." See Pure Oil Company v. Clark, Texas Com. App., 56 S.W. 2d 853; Black v. Black, Tex. Civ. App., 2 S.W. 2d 331, no writ history; Keith v. Keith, Tex. Civ. App., 286 S.W. 534, no writ history; Buckholts State Bank v. Thallman, Tex. Civ. App., 196 S.W. 687, no writ history.

Since the Court of Civil Appeals has not considered the merits of the appeal we deem it the better practice to remand the cause to that court for further consideration. We only pass upon the question of jurisdiction.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for consideration on the merits.

Opinion delivered July 18, 1956.