**Elizabeth GEHRKE et al., Appellants,**

**v.**

**STATE of Texas et al., Appellees.**

**No. 13984.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 28, 1962.

Rehearing Denied Jan. 2, 1963.

Kelley, Looney, McLean & Littleton, Edinburg, for appellants.

Carter Howard, Cecil Edwards, Edinburg, G. B. Mallum, Mark Singletary, Fort Worth, Hill, King & McKeithan, Mission, for appellees.

BARROW, Justice.

This is an appeal from the second order of dismissal of plaintiffs' action. The first order of dismissal, which was based upon the sufficiency of the ratification filed by plaintiffs' attorney of a gas unitization agreement involving the land in question, was reversed and remanded by this Court, Tex.Civ.App., 315 S.W.2d 684, no writ history. After the case was remanded special exceptions were filed by the defendants, and they were, for the most part, sustained by the trial court in a pre-trial hearing. Plaintiffs were given leave to amend, and filed their "Second Amended Motion." The defendants urged that this amendment did not meet the exceptions. The trial court sustained this contention, and upon plaintiffs' refusal to amend, entered this second order of dismissal.

There is considerable uncertainty concerning the nature of the proceeding filed by plaintiffs. On December 5, 1940, judgment for foreclosure of twenty-five acres of land was rendered in Cause No. E–189, in a suit for delinquent taxes for the years 1930–1939. On May 12, 1950, the parties

who were some of the defendants in that tax suit filed this proceeding in the original cause and styled same their "Motion to Set Aside Judgment." The taxing authorities were named as defendants in all pleadings, but they did not appear and the record does not reveal any attempt to serve or join issue with any of them. The actual defendants are a group of persons who acquired title under the foreclosure sale, and are referred to as Rutledge and the Sinclair Oil Company, which had a mineral lease from Rutledge. In granting the first order of dismissal the trial court referred to the motion as one in the nature of a bill of review. In the prior appeal of this case, the proceeding was referred to by this Court as "a trespass to try title suit." Plaintiffs have consistently refused either to clarify the nature of this proceeding or state whether they were making a direct or collateral attack upon the prior judgment. Plaintiffs take the position that this is immaterial in that the judgment is void. They assert that the default judgment is void for the reason that the citation was directed "To the Sheriff or any Constable of Hidalgo County," and not to plaintiffs, as required by Art. 7345b, Vernon's Tex.Civ.Stats. By way of counterpoint, defendants assert that the judgment recites that plaintiffs were duly and legally served and the suit was brought under Art. 7328.1 Vernon's Tex. Civ.Stats., and the citation was in the prescribed form.

■ The trial court sustained defendants' exception directed to this uncertainty, and ordered plaintiffs to restyle and redocket this cause as a new and independent cause of action. This exception was not cured by plaintiffs in their amended pleading, but they now state that this was a mere technicality and would not justify the dismissal of the suit. It is true that a misnomer does not change the nature of a pleading, and the jurisdiction of the court is invoked even though improperly styled and docketed. Rule 71, Texas Rules Civ. Proc.; Leach v. Brown, 156 Tex. 66, 292 S.W.2d 329. A different issue is presented here

in that the trial court, after sustaining defendants' exception, correctly gave plaintiffs the opportunity to amend. Upon plaintiffs' refusal to amend, the trial court was empowered to enter an order of dismissal. Ship Ahoy, Inc. v. Whalen, Tex.Civ.App., 347 S.W.2d 662, no writ hist.; Shaw v. Universal Life & Accident Ins. Co., Tex. Civ.App., 123 S.W.2d 738, error dism. judgment correct; 4 A.L.R.2d 352.

■ By applying the rule of Leach v. Brown, supra, and considering the pleading to its fullest effect, we find that the trial court correctly sustained defendants' exception to the failure of plaintiffs to allege a meritorious defense to the tax suit. Upon plaintiffs' refusal to amend to meet this exception, the proceeding was properly dismissed.

The question presented by this proposition has been resolved by the recent opinion of the Supreme Court in McEwen v. Harrison, Tex., 345 S.W.2d 706. In that case Chief Justice Calvert, in considering the application of Rule 329-b, T.R.C.P. reviewed the judicial history of the proceedings necessary to set aside a default judgment. Rule 329-b provides in part: "After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law." The respondent in that case had contended that the default judgment against him was void for want of legal service of citation and that a void judgment might be set aside in any recognized legal proceeding in the nature of a direct attack. The Supreme Court overruled this contention and construed the correct rule to be as follows: " * * * when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which

a default judgment is asserted to be void for want of service, or of valid service, of process." The Supreme Court then restated the rule that in a bill of review the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit.

Therefore, even if we consider the proceeding filed by plaintiffs as in the nature of a bill of review, the trial court correctly dismissed this suit upon plaintiffs' refusal to amend and allege a meritorious defense.

The judgment of dismissal is affirmed.