Ernestine F. COX, Appellant,

v.

Aaron Parrish COX, Appellee.

No. AB2419.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1980.

Vincent Henderson, McCauley & Henderson, Houston, for appellant.

Bryan W. Scott, Harding J. Rome, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PRESSLER and JUNELL, JJ.

PRESSLER, Justice.

Appellant appeals the dismissal of her Motion to Modify a 1970 divorce decree as to child support payments. Appellant was granted custody of the two children and Appellee was ordered to pay $100.00 per month child support. On September 27, 1976, Appellant filed her first Motion to Modify which was subsequently dismissed for want of prosecution on October 25, 1978. Appellant then filed a second Motion to Modify on November 27. It was docketed under the same file number as her previously dismissed motion. The motion was set for trial on May 15, 1979. Appellant failed to appear on that date and the suit was dismissed for want of prosecution by an order signed on May 18. A Motion for Reinstatement was filed on May 25. On July 3 the order reinstating the motion was signed. On December 5, prior to the trial on the merits, upon motion of the Appellee, the court dismissed the motion for want of jurisdiction.

Findings of fact and conclusions of law have been filed. They concluded that Appellant's Motion to Modify, of November 27, 1978 was an amended motion because it was filed under the same cause number as the Motion previously dismissed for want of prosecution on October 25, 1978. The court also found that its order reinstating Appellant's Motion on July 3, 1979 was void because it was signed more than six months after the dismissal of the original motion on October 25, 1978.

■ Appellant complains that the court below erred in finding that her Motion to Modify was an amended motion and concluding on that basis that it was without jurisdiction to reinstate the case. We must agree. Appellant's Motion to Modify, filed November 27, 1978 contains all of the requisites of an original petition. It could not have been an amended petition because there was no pending pleading to amend. *Leach v. Brown*, 156 Tex. 66, 292 S.W.2d 329 (1956). "A misnomer does not change the nature of a pleading, and the jurisdiction of the court is invoked even though improperly styled and docketed." *Gehrke v. State*, 363 S.W.2d 490, 491 (Tex.1962). Appellant's point of error must be sustained.

■ Appellee urges that the court was correct in dismissing the case for want of jurisdiction because the order reinstating the case was signed more than thirty days

after the signing of the dismissal order in violation of Texas Rules of Civil Procedure Rule 165a. The order of reinstatement was so signed. Appellee has correctly referenced the law with respect to Rule 165a. However, Appellant's Motion for Reinstatement may also be treated as a Motion for New Trial and as such was timely filed within ten days of the signing of the dismissal order. *General Motors Corp., Chevrolet Division v. Lane,* 496 S.W.2d 533, 534 (Tex.1973); *accord, Riley v. Mead,* 531 S.W.2d 670, 672 (Tex.Civ.App.—El Paso 1975, no writ). So treated the trial court had forty-five days from the filing of the motion for new trial in which to grant or deny it. The Order of Reinstatement was signed on July 3, 1979 well within the forty-five days time limit for a motion for new trial. Tex.R.Civ.P. 329b.

Appellee also urges that this appeal is moot in that a third motion to modify has been filed by the Appellant and is presently pending on the docket of the court below. Appellee contends that this court should refuse to exercise its jurisdiction because Reinstatement cannot have any practical legal effect upon the existing controversy. We disagree. If the judgment of the court below is reversed and this case is ordered reinstated, Appellant could possibly gain by recovering accrued child support payments subsequent to the date of filing of her motion and prior to the date of final hearing. Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1979); *Casterline v. Burden,* 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ). Appellee's argument that such retroactive application was not affirmatively pled by Appellant is not persuasive because Appellant, upon remand, is not precluded from amending her pleadings. Appellant's point of error is sustained, the judgment of the court below is reversed, and this cause is ordered reinstated.