**Henry J.N. TAUB, Appellant,**

**v.**

**Robert H. DEDMAN, Individually and as Chairman of the Texas Highway and Public Transportation Commission; Harris County Flood Control District; Orange Construction Company; Ed Orange, Individually and as Owner or a Partner of Orange Construction Company; E & C Group, Inc.; State of Texas; State Department of Highways and Public Transportation also known as the Texas Highway and Public Transportation Commission; Texas Transportation Commission; Texas State Department of Highways and Public Transportation; Texas Department of Transportation; Wayne B. Duddles-**

ten, Individually and as a Member of the Highway Commission; Roy Stoker, Jr., Individually and as a Member of the Highway Commission and as a Member and Chairman of the Texas Transportation Commission and as Commissioner of Transportation; Henry R. Munoz, III, Individually and as a Member of the Highway Commission; David E. Bernsen, Individually and as a Member of the Highway Commission; Arnold W. Oliver, Individually and as an Engineer–Director of the Texas State Department of Highways and Public Transportation and as Executive Director of the Texas Department of the Texas Department of Transportation; Milton M. Dietert, Individually and as District Engineer of District 12 of the Highway Department and as District Engineer of District 12 of the Transportation Department or the Division of Highways and Roads of the Transportation Department; Jon Lindsey, Individually and as County Judge of Harris County, Texas, and as a Member of the Governing Body of the District; El Franco Lee, Individually, as a County Commissioner of the County, and as a Member of the Governing Body of the District; Steve Radack, Individually, as a County Commissioner of the County, and as a Member of the Governing Body of the District; Arthur Storey, Individually and as Director of the Flood Control District, Appellees.

No. 14–98–00972–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 2001.

Rehearing Overruled Aug. 9, 2001.

William E. Ryan, J. Marcus Hill, Brantly Harris, Charles J. Wilson, Houston, for appellants.

James M. Kimbell, Katherine T. Garber, Randall C. Owens, Sandra D. Hachem, Rodney D. Parrott, Susan Desmarias Bonnen, Houston, for appellees.

Panel consists of Justices CANNON, DRAUGHN, and LEE.[*]

## SUBSTITUTED OPINION

CANNON, Justice.

Our opinion of December 21, 2000, is hereby withdrawn and this opinion substituted.

Henry Taub filed suit against various individuals and government and private entities claiming, *inter alia,* inverse condemnation, wrongful trespass and encroachment, and trespass to try title. On September 19, 1994, the trial court granted what all parties at the time apparently considered a partial summary judgment in favor of several government employees and officials sued in their individual and official capacities. Over three-and-a-half years later, defendants filed a plea to the jurisdiction alleging that the September 1994 summary judgment was, in fact, a final resolution of the lawsuit because it contained a Mother Hubbard clause, i.e. "All relief not specifically herein granted is hereby denied." The trial court granted the plea, and Taub appeals from that order. We reverse and remand.

## Background

The facts of the underlying lawsuit were not decided in the court below, and the parties do not agree on them on appeal. Basically, Henry Taub alleges that he owns two adjoining plots of land that have along their eastern boundary a recorded easement for a subdivision street that has never been built. He further alleges that a drainage ditch has been constructed along the easement thus interfering with his right of access to the roadway and encroaching upon his property.

Taub filed suit against the Harris County Flood Control District ("the Flood Control District"), several private companies and individuals involved in constructing the drainage project, and numerous employees and officials of the Flood Control District, Harris County, and the State of Texas. The lawsuit named each of the government officials and employees in both their individual and official capacities.

On June 2, 1994, the trial court granted a partial summary judgment in favor of six county officials, thus dismissing them from the suit in their individual capacities. On September 19, 1994, the trial court issued an order titled "Order on Motion of Individual Defendants for Summary Judgment," in which the court purported to dismiss the causes of action against several State of Texas employees and officials in both their individual and official capacities. The last line of the September order reads as follows: "All relief not specifically herein granted is hereby denied." This is commonly referred to as a Mother Hubbard clause. Appellant did not appeal from this order.

On April 22, 1998, the Flood Control District and other Harris County affiliated defendants filed a Plea to the Jurisdiction contending that the inclusion of the Mother Hubbard clause in the September 19, 1994, summary judgment order made the order a final judgment for all claims and for all parties. In the interim between the signing of the summary judgment order and the filing of the plea, three-and-a-half years elapsed, almost 40 pleadings were filed with the court, and a substantive hearing was held. The trial court granted the plea to the jurisdiction.

---

[*] Senior Justices Bill Cannon, Joe L. Draughn, and Norman Lee sitting by assignment.

## Analysis

In his first two points of error, Appellant contends that the trial court erred in granting the plea to the jurisdiction because: (1) the September 19, 1994, summary judgment order was interlocutory and not final, and (2) the trial court should have treated Appellant's Fourth Amended Original Petition as an original petition in a new lawsuit. In his third point of error, Appellant contends that the trial court erred in granting the defendant's motion for determination of access.

## The Summary Judgment

In our original opinion, we held that the September 19, 1994, summary judgment was a final judgment for purposes of appeal because it contained a Mother Hubbard clause, i.e. "All relief not specifically herein granted is hereby denied." We based that decision primarily on the Texas Supreme Court case of *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), which held that when a summary judgment order appears to final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, e.g. a Mother Hubbard clause, the judgment should be treated as final for purposes of appeal. *Id.* at 592. The supreme court has recently overruled *Mafrige* in *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex.2001). In *Lehmann*, the court stated that:

> We no longer believe that a Mother Hubbard clause in an order or in a judgment issued without a full trial can be taken to indicate finality. We therefore hold that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Id.* at 192.

The court further explained that, in determining finality, it may be necessary to examine the language of the order in light of the record as a whole. *Id.* at 205–06. However, the balance still appears to be in favor of finality. A judgment that finally disposes of all remaining parties and claims is final regardless of its language, yet unequivocal language expressing finality controls to make an order final even if the record indicates that such judgment is erroneous. *Id.* at 200.

In the present case, the September 19, 1994, summary judgment was titled "Order on Motion of Individual Defendants for Summary Judgment," and it stated, in part, as follows:

> It is therefore, ORDERED, ADJUDGED, and DECREED that this cause of action against Robert E. Dedman, Individually and as a former Chairman of the Texas Highway Commission, Ray Stoker, Jr., individually and as a former member of the Texas Highway Commission, Wayne B. Duddlesten, individually and as a former member of the Texas Highway Commission, Henry R. Munoz, III, individually and as a former member of the Texas Highway Commission, David E. Bernsen, individually and as a member of the Texas Highway Commission, Arnold W. Oliver, individually and as former Executive Director of the Texas Department of Transportation, and Milton M. Dietert, individually and as District Engineer of the Houston District of the Texas Department of Transportation, is hereby dismissed with prejudice. All costs are hereby adjudged against the party and/or parties incurring the same. All relief not specifically herein granted is hereby denied.

An earlier summary judgment had already dismissed claims against other named defendants in their individual capacities. A review of the pleadings reveals, however, that, prior to the summary judgments, Taub alleged causes of action not only against the individuals named in the two summary judgments, but also against several private entities and individuals, including Orange Construction Co., Ed Orange, Ebasco Engineering and Construction Corporation, Ebasco Services Incorporated, and E & C Group, Inc.[1]

It is clear from the language of the September 19 summary judgment, in light of the state of the record as of that date, that the court intended to grant judgment only as to Taub's claims against the listed individuals in their listed capacities. The very title of the order indicates this and the specific enumeration in the order of some but not all remaining defendants is an almost conclusive demonstration of such interlocutory intent. Except for the ambiguous Mother Hubbard clause,[2] there is no other language indicating an intention of finality, much less the "unmistakable clarity" now required. *See Lehmann,* 39 S.W.3d at 192. Furthermore, the conduct of the parties in continuing to actively litigate the case for three-and-a-half years weighs heavily against finding an intention for the order to be final. *See id.* at 203 (citing *Continental Airlines v. Kiefer,* 920 S.W.2d 274, 277 (Tex.1996)(in turn citing 5 RAY A. McDONALD, TEXAS CIVIL PRACTICE § 27:4[a] )).

The September 19 summary judgment was intended to be and is interlocutory. The trial court, therefore, erred in granting the plea to the jurisdiction. Accordingly, we grant Taub's first point of error.[3]

## Additional Points of Error

Appellant next contends that if the September 19, 1994, summary judgment order was final and appealable, his "Fourth Amended Original Petition," filed on February 3, 1995, should be read as an original petition in a new cause of action, thus reinvoking the jurisdiction of the trial court so that the court then erred in granting the plea to the jurisdiction. This point of error is rendered moot by our holding above that the summary judgment was not a final judgment in the original case. The pleading in question is, therefore, simply an amended petition.[4] Accordingly, we overrule this point of error.

1. Subsequent to the September 19 summary judgment, Taub added claims specifically against the State of Texas, the "State Department of Highways and Public Transportation" (including the supposed aliases, "Texas Highway and Public Transportation Commission" and "Texas Transportation Commission"), and the Texas Department of Transportation. These later claims, however, are not relevant to the determination of whether the September 19 summary judgment was final for purposes of appeal.

2. A Mother Hubbard clause in an order on an interlocutory motion may only mean that any relief requested in the motion but not specifically granted in the order is denied, or it may have no intended meaning at all, being inserted simply from a recitation on a form. *Lehmann,* 39 S.W.3d at 204.

3. Certain of the appellees contend that in granting summary judgment for the listed defendants in their individual and official capacities, the court necessarily and impliedly also rendered judgment for the governmental entities. Even if this were so, it still would not have extinguished all of Taub's claims against all of the defendants so as to make the summary judgment final. Because the order is interlocutory, we express no opinion on the merits of appellees' claim.

4. In our original opinion, we held that the "Fourth Amended Original Petition" created a new cause of action, citing *Leach v. Brown,* 156 Tex. 66, 292 S.W.2d 329 (Tex.1956); *Williams v. National Mortg. Co.,* 903 S.W.2d 398, 403 (Tex.App.—Dallas 1995, writ denied); *Loomis Land & Cattle Co., Inc. v. Wood,* 699 S.W.2d 594, 596 (Tex.App.—Texar-

Lastly, Appellant challenges the trial court's ruling concerning his ability to access his property. After a substantive hearing, the trial court found, as a matter of law, that Taub's loss of access to the roadway easement did not constitute a material and substantial impairment of access. This point of error, however, is not properly before the court. The trial court's order regarding impairment of access is interlocutory and thus not appealable. *See New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex.1990). Accordingly, we dismiss this point of error.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

kana 1985, writ re'f n.r.e.); and *Cox v. Cox*, 609 S.W.2d 888, 889 (Tex.App.—Houston [14th Dist.] 1980, no writ). We also cited to Rule 71 in determining that the petition was actually a new petition in substance although improperly labeled as an amended petition. *See Moore v. Collins*, 897 S.W.2d 496, 499 (Tex.App.—Houston [1st Dist.] 1995, no writ).