IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00066-CV

 

WTW Americas, Inc.,

                                                                      Appellant

 v.

 

Systems Integration, Inc.,

                                                                      Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 70849

 



DISSENTING Opinion



 

          With relatively no analysis and
unjustified reliance on a single word, “then,” the majority holds we have
jurisdiction of this appeal.  But the parties to this appeal, and other
parties, continue to litigate various claims in the underlying case in the
trial court.  On the facts of this case, I would hold that we do not have
jurisdiction of this appeal.  Accordingly, I would dismiss it.  Because the
question of our jurisdiction is an issue that has broad implications on default
judgment and summary judgment practice, I believe the issue deserves far more
analysis than it is given by the majority, and that the correct analysis will
yield a different result than the one reached by the majority.

Background

          Systems Integration sued WTW.  WTW
failed to timely answer and Systems Integration took a default judgment against
WTW.  On the date default judgment was taken, December 1, 2006, WTW served
opposing counsel with its answer, counterclaim, and third party petition which
brought another party, Holcim, into the suit.  The copy WTW sent to the trial
court clerk was filed December 5, 2006.  The following proceedings then
occurred.


 
 
 December
 19, 2005
 
 
 WTW
 filed a motion for new trial after default judgment
 
 
 
 
 December
 27, 2005
 
 
 Third
 party defendant, Holcim, filed an answer and a third party petition
 
 
 
 
 January
 3, 2006
 
 
 Systems
 Integration filed an answer to WTW’s counterclaim asserting res judicata,
 collateral estoppel, and seeking attorney’s fees and costs
 
 
 
 
 January
 12, 2006
 
 
 Systems
 Integration filed a response to WTW’s motion for new trial
 
 
 
 
 January
 18, 2006
 
 
 WTW
 filed a reply to Systems Integration’s response to the motion for new trial
 
 
 
 
 January
 23, 2006
 
 
 Systems
 Integration filed a reply to WTW’s reply
 
 
 
 
 February
 22, 2006
 
 
 Trial
 court denied motion for new trial
 
 
 
 
 February
 28, 2006
 
 
 WTW
 filed a notice of appeal
 
 


 

Appeal

          Before our opinion issued, the Court
requested briefing on the issue of our jurisdiction, specifically, whether the
judgment was final.  Not surprisingly, WTW filed a response contending that at
the time that the default judgment was signed, it disposed of all parties and
all issues.  Of course, like any party aggrieved by a ruling of the trial
court, WTW wants the default judgment set aside before it proceeds to trial on the
remaining issues.  If WTW is successful in having the default judgment
overturned, it will have defeated at least one of the defenses, res judicata,
Systems Integration raised as a defense to WTW’s counterclaim, a counterclaim
which is still pending in the trial court proceeding below.  A review by this
Court of the validity of the default judgment will thus have a substantial
impact on the course of development of the issues which are still pending in
the underlying litigation.

There is a procedure by which we could clearly
obtain jurisdiction of such an issue.  That procedure is section 51.014(d) of
the Civil Practice and Remedies Code.  It has, however, not been complied with.

          So we must determine if, on this
record, we have jurisdiction of this appeal.  The following two statements are
both entirely correct:


 The default judgment disposed of all the pending
 claims between all the parties.
 The default judgment does not dispose of
 all the pending claims between all the parties.


          Which statement is correct, however,
is purely one of timing.  When the judgment was signed, there was only one
pleading asserting various claims and there were only two parties.  The
judgment disposed of all the claims on file which had been asserted in the
single pleading by Systems Integration against WTW.  But before the judgment
became final, two things happened.  First, other claims were filed and another
party was added.  Second, an appeal was filed.  The default judgment being
appealed does not dispose of the new claims, nor does it dispose of all the
parties before the trial court at the time of the appeal.

No Jurisdiction

     So do we have a final
appealable judgment?  The majority cites a phrase out of Lehman stating: 


a judgment is final “if and only if either it
actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a
final judgment as to all claims and all parties.”  Lehman [v. Har Con
Corp.], 39 S.W.3d [191] at 192-193 [Tex. 2001].

 

Maj. op. at pg. 2; _____ S.W.3d _____, _____ (Tex. App.—Waco 2007, no pet. h.) (emphasis added).  The majority focuses on the word “then”
and concludes this Court has jurisdiction of this appeal:  “Because the trial
court indisputably did dispose of, and intended to dispose of, all parties and
claims at the time it entered the default judgment, we have jurisdiction
to address the merits of this appeal.”  Id. (emphasis in majority’s
text).

          There are a number of problems with
this temporal analysis of our jurisdiction which I will try to summarize
without unnecessarily lengthening this opinion.  If the majority’s analysis is
correct:

1.     
Almost every default
judgment would be appealable, even if it were subsequently set aside or
modified;

 

2.     
The addition of claims or
parties to the same trial court proceeding after a default judgment or summary
judgment, but before the trial court loses plenary power,[1]
would result in two appealable judgments from the same underlying proceeding;

 

3.     
If the judgment is not
appealed while other claims filed before the trial court loses plenary power
are proceeding in the trial court, such a judgment could not later be set aside
or modified by the trial court or an appellate court; and

 

4.     
Subsequent events, like the
trial court granting a new trial, would not deprive us of jurisdiction.

 

With regard in particular to number 2 above, it
is interesting to note that the majority’s quote from Lehman, wherein
they rely so heavily upon the word “then,” does not include the beginning of
the sentence being quoted.  The sentence starts:  “We therefore hold that in
cases in which only one final and appealable judgment can be rendered, a
judgment issued without a conventional trial is final for purposes of appeal if
and only if either . . . .”  This language is critical to a proper
understanding of the Supreme Court’s holding.  I believe the reference to
timing by use of the word “then” has to relate back to the time of the taking,
and the pursuit of, the appeal and is not limited to the point in time, the
instant in time, when the trial court puts pen to paper and signs the judgment. 
Any such limitation, like a snapshot, freezes litigation at an arbitrary point
in a process.  Litigation is dynamic.  By a stroke of the same hand with the
same pen, the trial court could have granted the motion for new trial, even
after it had been denied, and thereby end the jurisdiction we had for those
fleeting moments after the default judgment was signed.

In this case, however, it was the action of one
of the parties by adding new claims and a new party not addressed by the
existing trial court judgment that put an end to the jurisdiction of this Court
to review the default judgment.  It is now nothing more than an interlocutory
default judgment over which we have no jurisdiction to review at this juncture.

Because I find we have no jurisdiction to review
what is now simply an interlocutory default judgment, we have no authority to
review the merits of the appellant’s issues challenging the validity of the trial
court’s judgment.  Our only proper course of action is to dismiss the appeal
for want of jurisdiction.  Because the majority does otherwise, I respectfully
dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed March 14, 2007









[1] 
Filing additional claims or adding new
parties while the trial court has plenary power is what makes this case
different from Leach v. Brown, 156 Tex. 66, 292 S.W.2d 329, 331 (1956), Cockrell
V. Central Sav. and Loan Ass’n., 788 S.W.2d 221, 224 (Tex. App.—Dallas
1990, no pet.), and Loomis Land & Cattle Co. v. Wood, 699 S.W.2d
594, 596 (Tex. App.—Texarkana 1985, writ ref’d n.r.e.), wherein new claims were
filed in the same trial court proceeding long after the trial court had lost
jurisdiction of the proceeding.  The courts in those appeals held the new
filings constituted new proceedings though filed under an old trial court case
number.  No one has contended the subsequently filed pleadings raising
additional claims and adding a new party should have been filed as a new trial
court proceeding.  Also, there has been no severance of any claims or parties.