**In re Danece Martine ROBINSON, Relator.**

No. 05–11–01052–CV.

Court of Appeals of Texas, Dallas.

Sept. 9, 2011.

Henry C. McFadyen, McFadyen Law Firm, Kelly Akins, Dallas, TX, for Relator.

Brandon Martine, Rowlett, TX, John R. Norris III, Nicole Wolff, Calloway, Norris, Burdette, & Weber, PLLC, Robert M. Jones, Dallas, TX, Ronald Martine, Millsap, TX for Real Party in Interest.

Before Chief Justice WRIGHT and Justices MOSELEY and FILLMORE.

## OPINION

Opinion by Chief Justice WRIGHT.

■ Relator filed this petition for writ of mandamus after the trial court denied her plea to the jurisdiction. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that she has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has not met this burden, and we therefore deny her petition.

In July 2010, relator filed an application for determination of heirship seeking a declaration that her mother died intestate and to determine the distribution of her mother's estate. On September 20, 2010, the trial court signed a judgment declaring heirship in that proceeding. No appeal or motion for new trial was filed by any party. On October 19, 2010, real party in interest, relator's sister, filed an application for probate of will as a muniment of title under the same cause number as the prior heirship proceeding. Relator has filed a contest to the will and asserted various affirmative defenses to her sister's application, including res judicata. On April 12, 2011, relator filed a plea to the jurisdiction, asserting that the trial court had lost plenary power after signing the September 20, 2010 judgment on the application for determination of heirship and had no jurisdiction to consider the application for probate of will as a muniment of title.

■ By filing the application for probate of will as a muniment of title, real party in interest made a claim for affirmative relief in the trial court. Although real party in interest's application was filed and docketed in the same cause number as relator's prior application for determination of heirship, the application for probate of will was, in effect, an independent lawsuit. *See Williams v. National Mortg. Co.*, 903 S.W.2d 398, 403 (Tex.App.-Dallas 1995, writ denied) (filing counterclaim after dismissal of case resulted in two distinct cases under the same cause number, one no longer pending and one newly filed); *see also Leach v. Brown*, 156 Tex. 66, 292 S.W.2d 329, 331 (1956). The trial court thus did not abuse its discretion in exercising jurisdiction over real party in interest's application for probate of will as a muniment of title, and relator's petition for writ of mandamus is accordingly **DENIED.**