**Affirm and Opinion Filed October 21, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00378-CV**

**IN THE INTEREST OF I.A.F., A CHILD**

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-12222**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

On the Court's own motion, this Court issued an October 7, 2022 order withdrawing our October 3, 2022 opinion in this case and vacating the judgment of that date. This is now the opinion of the Court.

Appellant Father appeals from a two-year protective order rendered against him on appellee Mother's application.[1] Father contends the trial court lacked jurisdiction as to the protective order and it was based on an unconstitutional statute. We affirm.

**Background**

---

[1] Mother has not filed a brief in this Court.

Mother filed for divorce from Father in 2016. The case was assigned to the trial court and given case number DF-16-12222. In June 2017, the trial court signed an agreed final decree of divorce in case number DF-16-12222, appointing Father and Mother joint managing conservators of their child, I.A.F., and addressing all matters relating to the child and the parties' property. Neither Father nor Mother filed post-judgment motions or appealed the June 2017 divorce decree.

In October 2020, Mother filed an application for a protective order against Father in case number DF-16-12222 in the trial court. The application complained of stalking and harassment of Mother but did not mention I.A.F. or request protection regarding the child.

Father filed a plea to the jurisdiction contending, among other things, (1) the trial court has no power to enter a protective order in case number DF-16-12222 because the protective order matter is outside the scope of the trial court's continuing jurisdiction and the trial court's plenary power has otherwise expired as to that case, and (2) the "stalking statute" relied on by Mother, Texas Penal Code section 42.072, is unconstitutional.

Following a hearing, the trial court rendered a February 25, 2021 two-year protective order against Father. He filed a motion for new trial reasserting his arguments described above. Mother responded, among other things, that "the Protective Order was granted under Texas Family Code Title 4, which gives Texas

–2–

Family Courts authority to hear Protective Order Applications." After a hearing, the trial court denied Father's motion for new trial.

**Standard of review and applicable law**

We review questions of jurisdiction and statutory construction de novo. *E.g.*, *Mullins v. Mullins*, 202 S.W.3d 869, 873 (Tex. App.—Dallas 2006, pet. denied) (jurisdiction); *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019) (statutory construction). Our primary objective when construing a statute is to determine the Legislature's intent. *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 642 S.W.3d 551, 557 (Tex. 2022) (quoting *In re Nash*, 220 S.W.3d 914, 917 (Tex. 2007)). We also "consider the context and framework of the entire statute" and "construe it as a whole." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 (Tex. 2019).

The Texas Family Code's Title 4 governs "Protective Orders and Family Violence." TEX. FAM. CODE §§ 71.001–93.004. A protective order proceeding is begun by filing an application for a protective order with the clerk of the court. *Id*. § 82.001. Title 4's section 85.063(a) states:

> (a) If a final order has been rendered in a suit for dissolution of marriage or suit affecting the parent–child relationship, an application for a protective order by a party to the suit against another party to the suit filed after the date the final order was rendered, and that is:
>
> > (1) filed in the county in which the final order was rendered, shall be filed in the court that rendered the final order; and
> >
> > (2) filed in another county, shall be filed in a court having jurisdiction to render a protective order under this subtitle.

*Id*. § 85.063(a). Within Title 4, "court" means "the district court, court of domestic relations, . . . or other court expressly given jurisdiction under this title." *Id*. § 71.002.

**Analysis**

In his first issue on appeal, Father asserts the trial court "erred in finding that it had jurisdiction to issue a protective order in a cause number that had been closed for more than three years." Father contends that though the trial court "could have, of course, heard the same case under a different cause number," "[n]one of the family code provisions that establish continuing jurisdiction apply here and thus the [trial court] could not issue a protective order under a cause number that the [trial court] no longer had plenary power over."

Though the family code provides for continuing jurisdiction in certain circumstances regarding property divisions or suits affecting the parent–child relationship, *see id.* §§ 9.002, 155.001–.003, "a proceeding for protective orders brought under Title 4 is an independent remedy which is not limited to the court having continuing jurisdiction." *Copeland v. Copeland*, No. 05-18-01431-CV, 2020 WL 4047969, at *2 (Tex. App.—Dallas Jul. 20, 2020, no pet.) (mem. op.) (recognizing that Title 4 confers protective order jurisdiction in the district courts).

Title 4's section 85.063(a) required the protective order application in question to be filed in the trial court. TEX. FAM. CODE § 85.063(a). "As a district court, the [trial court] has subject-matter jurisdiction over protective order proceedings like any other district court." *Phillips v. Phillips*, 651 S.W.3d 112, 117

–4–

(Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing TEX. CONST. art. V, § 8); *see also Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex. 1974) (explaining that jurisdiction over subject matter means "the power to hear and determine cases of the general class to which the particular one belongs").

Additionally, as to Father's complaint regarding the case number, the record shows Mother's protective order application "contained all the essentials of a separate claim" and "could, therefore be maintained as a separate suit." *Williams v. Nat'l Mortg. Co.*, 903 S.W.2d 398, 403 (Tex. App.—Dallas 1995, writ denied). Even assuming it was "filed and docketed as part of a suit no longer in existence," that "did not defeat its validity as an independent lawsuit" and the trial court had jurisdiction to consider it as an independent suit and render judgment. *Id*. (citing *Leach v. Brown*, 292 S.W.2d 329, 331 (Tex. 1956)). We conclude the trial court did not lack jurisdiction regarding Mother's protective order application. *Id*.

In his remaining issue, Father contends the trial court erred in determining that the "stalking statute" relied upon in this case, penal code section 42.072, does not violate the First Amendment to the United States Constitution. While this appeal was pending submission, this Court issued an opinion concluding the complained-of statute does not facially violate the First Amendment. *Taherzadeh v. State*, 648 S.W.3d 681, 686 (Tex. App.—Dallas 2022, no pet.) (citing *Ex parte Barton*, – S.W.3d –, 2022 WL 1021061, at *6–8 (Tex. Crim. App. Apr. 6, 2022)). Thus, Father's second issue has no merit.

We affirm the trial court's February 25, 2021 protective order.

210378f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.A.F., A CHILD

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-16-12222. Opinion delivered by Justice Carlyle. Justices Molberg and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Katarzyna Anna Faber recover her costs of this appeal from appellant Milton Edward Faber.

Judgment entered this 21st day of October, 2022.