

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00078-CV

———————————————

JOE W. BYRD, Appellant

V.

THE VILLAGES OF WOODLAND SPRINGS HOMEOWNERS ASSOCIATION, INC., Appellee

---

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-304457-18

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

### I. Introduction

Pro se appellant Joe W. Byrd appeals the trial court's amended final judgment that granted appellee The Villages of Woodland Springs Homeowners Association, Inc. (the HOA)'s Rule 91a motion on his counterclaims and the HOA's motion for summary judgment on its claims against him. In four issues, Byrd complains that the trial court erred (1) by failing to include his cross claim against his home's previous owner; (2) by not honoring federal and state due-process and "Article 51" provisions; (3) by failing to dispose of all parties and all issues; and (4) by not requiring the HOA "to file Arcadia Decision." We affirm.

### II. Background

Byrd acquired his home in December 2017 in a default judgment that he won against Anita Legg, the home's previous owner, and her mortgager. Contrary to the Declaration of Covenants, Conditions, and Restrictions (the Declaration)[1] governing the home, Byrd did not "promptly notify" the HOA of his acquisition. Thus, not quite a year later, the HOA sued Legg to recover HOA assessments and to foreclose on its HOA assessment lien. The record does not reflect that the HOA obtained service on Legg.

---

[1]The Declaration was filed in the Tarrant County real property records on October 2, 2000.

In March 2020, Byrd filed his "General Appearance, General Denial, and Request for Disclosures," in which he identified himself as the home's "occupant," asserted that Legg had not lived there for over four years, claimed that he had no knowledge of her current whereabouts, and "generally denie[d] all material allegations in the lawsuit made by the plaintiff and any other party."[2] *See* Tex. R. Civ. P. 60 (intervention), 85 (answer). On April 16, 2020, the HOA's property manager sent Byrd, by certified mail, a notice that his HOA dues were delinquent and informed him that additional collection fees and attorney's fees would be charged to his account if he did not pay within 30 days.

A year and a half later, the HOA filed an amended petition, *see* Tex. R. Civ. P. 62–65, adding Byrd as the defendant against whom it sought assessments and assessment-lien foreclosure and dropping Legg from the lawsuit by omitting her from the pleading.

The following June, the HOA filed a motion for summary judgment, but the trial court denied the motion after Byrd filed a handwritten counterclaim against the HOA and attempted to bring a cross claim against Legg. Byrd sought recovery from the HOA for breach of fiduciary duty, breaches of the Declaration, and negligence.[3]

---

[2]The record is unclear why Byrd filed an appearance when he was not a named defendant in the initial lawsuit.

[3]Byrd counterclaimed against the HOA "for breach of fiduciary duties in failure to manage the affairs of HOA sensibly," "[f]or breach of Covenant for failure to adhere to it[s] own CC&R's rules and regulations," and for negligence: "(1) Negligent

He sought relief from Legg for "all HOA dues [he] may be required to pay in the event of a judgment against him in accordance with the agreement," but the record does not reflect that he took any action to bring Legg into the lawsuit. *Cf.* Tex. R. Civ. P. 106, 108–116 (methods of service).

Two months later, the HOA moved to dismiss Byrd's counterclaims under Rule 91a. *See* Tex. R. Civ. P. 91a. The HOA notified Byrd of the hearing, which was originally set for October 21, and which the trial court later rescheduled for October 27. In his response to the Rule 91a motion, which he filed two days before the rescheduled hearing, *cf.* Tex. R. Civ. P. 91a.4 ("Any response to the motion must be filed no later than 7 days before the date of the hearing."), Byrd complained that the HOA's failure to respond to his written discovery requests prevented him from obtaining the essential facts he needed to survive the Rule 91a motion.

Instead of amending or nonsuiting his counterclaims, *cf.* Tex. R. Civ. P. 91a.5(a)–(b), in his Rule 91a response, Byrd attempted both to add additional causes of action and to clarify his existing causes of action. For the first time, Byrd complained that the HOA had violated the Texas Uniform Condominium Act (TUCA)[4] "in various ways" and that the HOA had violated the Americans with

---

landscaping[;] (2) Financial Management[;] (3) Failure to enforce rules about noise and barking dogs[;] (4) Maintenance[;] (5) Repair Delays." Byrd asserted that he "suffered monetary damages as a result."

[4]Although Byrd referenced the TUCA in his Rule 91a response, the record does not indicate whether the home is a condominium.

4

Disabilities Act by failing to provide wheelchair ramps and accessible areas. In attempting to clarify his original causes of action, he recited breaches of fiduciary duty based on alleged conflicts of interest, collusion, and misappropriation of HOA dues and alleged breaches of the Declaration based on failure to maintain common areas and allowing pets "to bark all day and night." After the Zoom hearing, which Byrd did not attend,[5] the trial court granted the Rule 91a motion, dismissed all of Byrd's counterclaims, and awarded attorney's fees and costs to the HOA. *See* Tex. R. Civ. P. 91a.7.

The HOA then filed a second motion for summary judgment on its claims against Byrd. The hearing on the motion was set for February 2, 2023, making Byrd's response due no later than January 26. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response."). Byrd filed his summary-judgment response on February 1—the day before the hearing—but he did not seek leave of court to file the late response.[6] *See id.* The trial court granted the

---

[5]The trial court noted on the record that Byrd had told the court coordinator that he was "going to go get on that Internet thing," that they had delayed the Zoom hearing to wait for him to do so, and that he never appeared. The trial court stated, "He is aware of [the hearing] and he's not here. And what he filed, in my mind, does not suffice as enough to overcome the burden of a Rule 91a motion."

[6]When nothing in the record indicates that the late filing of a summary-judgment response was with leave of court, we presume that the trial court did not consider the response. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex.

5

HOA's summary-judgment motion, and its amended final judgment incorporated the Rule 91a and summary-judgment rulings, as well as damages, attorney's fees, and costs.

## III. Discussion

We note initially that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules. *See Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). In *Barcroft*, we observed that pro se litigants' lack of legal education or

---

2020). However, a recital in the summary judgment about the response may present an affirmative indication that the trial court permitted the late filing. *Id.* at 259–60.

Here, the trial court's final judgment and amended final judgment both state that the trial court considered "the Motion, the evidence attached thereto, *any response*, and the arguments of counsel (if any)." [Emphasis added.] But the trial court also specifically stated in a note added to the final judgment and amended final judgment,

> The court notes that Mr. Byrd, *pro se*, has filed an answer herein, various motions, and responses, yet makes the claim he has not received notice of Plaintiff's claims. The Court has given Mr. Byrd wide latitude herein, but Mr. Byrd did not timely file a response to the MSJ under TRCP 166a(c). Thus, the MSJ is Granted.

Based on this language and the failure to mention Byrd's evidence, we infer that the trial court did not consider Byrd's evidence—i.e., the unsworn and unsigned document that he labeled "affidavit" and attached to his response. *Cf. id.* at 261 ("[T]he trial court's recital that it considered the 'evidence and arguments of counsel,' without any limitation, is an 'affirmative indication' that the trial court considered B.C.'s response and the evidence attached to it."). Byrd does not complain on appeal about the trial court's apparent failure to consider his evidence and does not challenge the merits of the Rule 91a motion or the HOA's second summary-judgment motion.

6

training tends to lead them "to critical mistakes of form and substance." *Id.* at *5 n.11. This case exhibits yet another such cautionary tale.

## A. Finality

In his first and third issues, Byrd complains that the trial court erred by failing to include his cross claim against Legg and by failing to dispose of all parties and all issues in the case because his cross claim was not addressed.[7] Essentially, he argues that the trial court's judgment is not final.[8]

---

[7]Byrd specifically mentions the Rule 91a ruling in his complaint about the failure to dispose of all parties and issues, but the Rule 91a order, which was interlocutory at the time of the ruling (and thus did not have to dispose of all parties and issues), became final through its incorporation into the amended final judgment. *See ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 635–36 (Tex. 2021) (orig. proceeding) (explaining how a substantive issue presented in an interlocutory order can merge into the final judgment).

[8]In one of the two case citations in his brief, Byrd refers us to "Rheman V. Harcar 39 S.W. 3205." We infer, based on his finality discussion, that he is referring us to *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). In the other citation, he refers us to "Taud V. Dedman 56 S.W.3d 83, 87." We likewise infer that he is referring us to *Taub v. Dedman*, 56 S.W.3d 83, 87 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (op. on reh'g). In *Taub*, after the plaintiff sued a variety of individuals, the trial court granted what all parties at the time considered a partial summary judgment. *Id.* at 85. Over three years later, some of the defendants filed a plea to the jurisdiction, asserting that the summary judgment was final because it contained a Mother Hubbard clause—"All relief not specifically herein granted is hereby denied"—and the trial court granted the plea. *Id.* The appellate court noted that except for the ambiguous Mother Hubbard clause, there was no other language indicating finality and concluded, under *Lehmann*, that the partial summary judgment was intended to be and was in fact interlocutory. *Id.* at 87.

In contrast, the amended final judgment here concluded with the following language: "**ORDERED, ADJUDGED,** and **DECREED THAT THIS JUDGMENT DISPOSES OF ALL CLAIMS AND ALL PARTIES** and

7

The record reflects that Legg was dismissed from the lawsuit in September 2021, when the HOA filed its amended petition after Byrd's March 2020 general appearance and answer, and that Byrd made no attempt to bring Legg back into the lawsuit when he filed his counterclaim and cross claim in July 2022. *See Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (reciting rule that an amended petition omitting a defendant operates as a voluntarily dismissal as to that defendant); *Gilliam v. Kroger P R O Club, Inc.*, No. 2-06-401-CV, 2007 WL 1776082, at *2 (Tex. App.—Fort Worth June 21, 2007, no pet.) (mem. op.) ("When an amended petition omits a defendant that the plaintiff included in a prior petition, the omission indicates the plaintiff's intent to nonsuit the omitted defendant."); *cf.* Tex. R. Civ. P. 38(a) (explaining that "any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him" and "need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action.").

---

therefore is in all things **FINAL** and **APPEALABLE**." *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 153 (Tex. 2023). As the supreme court once more clarified in *Patel*, the trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable. *Id.* at 155. It also again recited the rule that when an order contains a clear and unequivocal finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory. *Id.* at 156 (citing *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021)).

Because Legg was no longer in the lawsuit after the HOA filed its amended petition, the trial court did not err by excluding Byrd's attempted cross claim, and we overrule his first issue. And because Legg was not a party to the lawsuit when the trial court entered judgment, the record correctly reflects that the trial court disposed of all parties and all issues in the case, and we overrule Byrd's third issue.

## B. Preservation

In the first part of his second issue, Byrd complains that the trial court erred "by not honoring the due process clause" of the federal and state constitutions,[9] and in an unnumbered issue, *cf.* Tex. R. App. P. 38.1(f), Byrd argues that the HOA never sent him "a section 209 letter dealing with recovery of attorney's fees."[10] However, Byrd did not raise any specific due-process or Section 209 complaints in the trial court, and thus did not preserve them for our review. *See* Tex. R. App. P. 33.1.[11] We

---

[9]In his second issue, Byrd states, "Trial Court's Erred by not honoring the due process clause of both the federal and state constitution's Article 5. As well as Article 51 of the Texas Property Code."

[10]The HOA points out in its brief that Byrd is apparently referring to Property Code Chapter 209. *See Haas v. Ashford Hollow Cmty. Improvement Ass'n*, 209 S.W.3d 875, 885 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that Chapter 209's notice requirement "does not apply to attorney's fees incurred merely to collect delinquent assessments or enforce a lien due to nonpayment of the assessments").

[11]To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); *see USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 512 (Tex. 2018) (op. on reh'g) ("[W]e have repeatedly

9

overrule the due-process portion of his second issue and his unnumbered issue as unpreserved.

## C. Inadequate briefing

In the remainder of his second issue, Byrd merely mentions "Article 51 of the Texas Property Code" and provides no argument. *Cf.* Tex. R. App. P. 38.1(i). Likewise, in his fourth issue, he contends that the trial court erred by "not requiring [the HOA] to file Arcadia Decision," but he does not explain this alleged error.[12]

On September 15, 2023, we sent Byrd a letter in which we listed various deficiencies in his brief, pointing out—in pertinent part—that his original brief did not comply with Rule 38.1(i) because "it **does not contain a clear and concise argument for the contentions made, with appropriate citations to legal**

---

refused to apply the fundamental-error doctrine [that applies to jurisdictional errors or errors that adversely affect the public's interest] to other types of errors and have instead consistently restricted appellate review to properly preserved errors.").

[12]In the statement-of-the-case section of his brief, Byrd clarified, without citation, that *Arcadia* is an opinion from the United States Supreme Court. *Cf.* Tex. R. App. P. 38.1(d) (stating that the brief must state concisely the nature of the case, the course of proceedings, and the trial court's disposition). Neither party has provided us with guidance to identify the *Arcadia* opinion to which Byrd referred, and we have been unable to identify it. *Cf.* Tex. R. App. 38.1(k)(2) (stating that a brief's appendix may contain optional content such as "copies or excerpts of relevant court opinions"). Further, in his index of authorities, Byrd cites the "Texas Property Code Section 42-USC 51, 52, 209" and the "Texas Civil Properties and Rental Codes." We cannot tell from Byrd's brief if he used ChatGPT or another artificial intelligence (AI) source to attempt to develop his legal citations. *See* David T. Laton, *A Cautionary Tale of AI As A Research Tool for Lawyers*, Prac. Law. 42, 43 (2024) ("ChatGPT currently lacks the ability to produce reliable and accurate results when given a legal query.").

**authorities and to the record**.” We gave Byrd 10 days to file an amended brief that complied with the rules and warned him that failure to do so could result, among other things, in “waiver of noncomplying points.” *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. We also gave Byrd an extension of time upon his request. Byrd nonetheless did not correct his brief as instructed.

We must liberally construe issues presented “to obtain a just, fair, and equitable adjudication of the rights of the litigants,” *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008), but we may not make a party’s arguments for him. *See Bolling v. Farmers Branch ISD*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (explaining that the court is not responsible for identifying error, searching the record for favorable facts, or conducting legal research, even for a pro se party, because doing so would require the court to abandon its role as arbiter and to become an advocate). Byrd has presented no argument or citation to authority to support the remainder of his second issue or to support his fourth issue. Accordingly, we overrule both as inadequately briefed. *See* Tex. R. App. P. 38.1(i).

## IV. Conclusion

Having overruled all of Byrd’s issues, we affirm the trial court’s judgment.

11

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  July 25, 2024